## COMMONWEALTH *vs.* AUGUSTUS STARR.

For the purpose of showing that the defendant in an indictment for uttering and passing as true a counterfeit bank bill has made contradictory statements as to the person from whom he received it, an affidavit is admissible made by him at a previous term setting forth that an absent witness would testify, if present, that he lent the bill to the defendant, and that so far as he knew the defendant was ignorant of the fact that it was counterfeit.

It is no variance to allege that a counterfeit bank bill was uttered and passed as true to a person to whom it was actually delivered by the defendant as a true bill, although that person was only the servant of another and had no interest in the transaction.

If the defendant in an indictment has uttered and passed as true a counterfeit bank bill to a person who in taking it acted only as the servant of another, and had no interest in the transaction, the jury may nevertheless find as a fact an intent to defraud that person, if the defendant did not know him to be a servant, and dealt with him as a principal; although the evidence would also support an allegation of an intent to defraud the unknown master.

INDICTMENT, charging in the first count that the defendant uttered and passed as true to George W. Witham a counterfeit bank bill, with the intent to injure and defraud the said Witham; and in the second count that he did the like to Joseph H. S. Fox.

At the trial in the superior court, before *Wilkinson*, J., the government were allowed to introduce in evidence, under objection, for the purpose of showing that the defendant had made contradictory statements as to the person from whom he received the bills, two affidavits made by the defendant at previous terms of the court, setting forth that an absent witness would testify, if present, that he lent to the defendant some bank bills, among which were the bills described in the indictment, and that so far as he knew the defendant was ignorant of the fact that they were counterfeit.

The evidence in the case tended to prove that the two counterfeit bills were passed, as alleged in the indictment, to the two persons therein named. It further appeared that both of those persons were acting merely as servants in taking the bills, in payment for articles belonging to their employers, and that they made change to the defendant in money of their employers, and sold the articles to the defendant in the ordinary course of

business, and that neither of the employers was present at the time, and there was no evidence that the defendant knew either of them.   The defendant requested the court to instruct the jury that there was a variance between the allegations and the proof and that the indictment should have alleged that the bills were passed to the employers; but the judge declined so to rule. The defendant then requested the court to instruct the jury that the defendant could not have intended to defraud Witham and Fox as alleged, and that, as the indictment alleged only a special intent to defraud them, it could not be maintained.   The judge declined so to rule, and instructed the jury that the intent must be proved as alleged; that it would not be sufficient to prove an intent to cheat and defraud generally, or to cheat and defraud other persons than Witham and Fox; that whether the defendant had the particular intent to defraud Witham and Fox was a question of fact for them to determine, bearing in mind that he could not have intended to defraud them unless he supposed at the time that they had some interest in the property or money given in exchange for the counterfeit bills.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. H. Bradley*, for the defendant.

*Foster*, A. G., for the Commonwealth.

HOAR, J.   1. The affidavits were properly admitted in evidence for the purpose for which they were offered.   Being the defendant's own declarations on oath, there is no question that they were competent, if they tended to prove anything material. The defendant, by these affidavits, attempted to procure delay in his trial, on the ground of the absence of a material witness; and stated in them what the witness would testify, namely, how the counterfeit money came to his possession.   This testimony was to a fact within his own personal knowledge.   This is in substance, though not in terms, a statement that the fact to which the witness would testify was true.   The defendant could not have meant the court to understand that he wished to offer the testimony of a witness who would testify what he knew to be false, and to ask delay to enable him to do it.   If, then, it

appeared that in the affidavit he attempted to account for the innocent possession of the money in one way, and he was shown by other evidence at other times to have accounted for it in a different manner, the accounts being inconsistent with each other, the jury might rightfully take such conduct into consideration as indicative of guilt.

2. The next ground of exception is that there was a variance between the allegations in the indictment and the proof at the trial. The defendant was indicted for uttering and passing as true two counterfeit notes, one to Witham, and the other to Fox ; and the proof was that Witham and Fox were merely the servants of other persons, and had no interest in the money or other property which the defendant received in exchange for the counterfeit notes, but that the defendant did not know that they were not the principals in the transaction. This objection seems to assume that " to pass " means to transfer for a valuable consideration received from the person to whom the bill is delivered. But we do not think this is the meaning of the word. It was said by Mr. Justice Dewey, in *Hopkins* v. *Commonwealth*, 3 Met. 464, that " pass " means to deliver as money, or as a known and conventional substitute for money ; and that to sustain an indictment, it must be proved that the party charged passed the counterfeit bill to another, for some valuable consideration or otherwise, as for money, or to be used as money, with the guilty purpose of defrauding the community. And although the allegation might have been held sufficient, if the indictment had charged the uttering and passing to have been made to the principal instead of the agent, yet it is not necessary that the person to whom it is actually delivered should take any beneficial interest in it, to make it an uttering and passing to him. Thus it was held that handing a counterfeit note to an accomplice, in order that he might pass it, was a disposing and putting away of the note within the *St.* 15 Geo. II. *c.* 13, § 11. *Rex* v. *Giles*, Moody's C. C. 166. And where the person to whom the note was passed was a detective agent, the offence of disposing of it was held to be complete under the *St.* 45 Geo. III. *c.* 89, § 2; though in this case it was also held that

the indictment need not state to whom the note was disposed of. *Rex* v. *Holden*, Russ. & Ry. 154.

If, however, it were necessary to allege in the indictment the person with whom the defendant made or attempted to make a contract by passing the bill, it might well be held that an agent or servant, dealing as a principal, and not disclosing his agency, would be regarded, as to him, as the contracting party. *Commonwealth* v. *Kimball*, 7 Met. 308. But we can have no doubt that the uttering and passing as true were complete within the statute, when the defendant delivered the counterfeit note as money, although no contract was made respecting it, and before the person taking it did any act as agent or otherwise, except receiving it. As for example, if the defendant had handed the bill to Witham, and asked him to give him change for it, and Witham, on looking at it, had immediately perceived that it was counterfeit.

3. The third exception is, that the allegations of the intent to defraud Witham and Fox were not maintained by the evidence, because, being mere servants, they could not be defrauded; that the intent was an inference of law, and could exist in contemplation of law only toward the masters; and that it should not have been left to the jury to find whether there was an intent to defraud the servants. If one does an unlawful act, the natural and probable effect of which is to injure or defraud another, the law presumes an intention to injure or defraud that person. And it is well settled that where a counterfeit bill is passed as genuine, the law presumes an intent to defraud the person to whom it is passed, and the person whose name is forged, and no other evidence is necessary of the intent. *Regina* v. *Cooke*, 8 C. & P. 582. *Rex* v. *Mazagora*, Russ. & Ry. 291. *Regina* v. *Beard*, 8 C. & P. 143. But it by no means follows, that, because the law presumes that a wrongdoer intends the natural consequence of his unlawful act, he may not also, as a matter of fact, intend to injure some other person than the one to whom the presumption of law attaches. The indictment may allege either, and will be sufficient if either be proved though the proof of one would be derived from the inference of

aw, and of the other from direct or circumstantial evidence of the fact. It was so held in a case cited by the defendant's counsel. *United States* v. *Shellmire*, Bald. C. C. 371. In the case at bar, the intent was of the essence of the crime. The master was defrauded, and so the law would infer an intent to defraud him. But the defendant may have had an actual intent to defraud Witham and Fox, and the jury have found that he had ; and as he dealt with them as principals, with no knowledge of any agency, the evidence well authorized such a finding. In *Commonwealth* v. *McDonald*, 5 Cush. 365, the defendant was held to be rightly convicted of an attempt to steal from the person, in picking a pocket, although there was no proof that anything was in the pocket. So he might intend to defraud in uttering a counterfeit note, though the person to whom he delivered it for the purpose of obtaining money or other property in exchange had no property of his own, of which he could be defrauded. *Exceptions overruled.*