THE STATE v. CLARENCE STANDIFER, Appellant.

Division Two, February 18, 1908.

1. INFORMATION: Forgery: Consideration: Amendment. Under the statute (Sec. 2013, R. S. 1899) condemning the selling, exchanging or delivery, or an offer to sell, exchange or deliver, for any consideration, any falsely altered, forged or counterfeit instrument, it is not necessary, in charging the offense, to use the word consideration. Equivalent terms are sufficient. So that where the information charged that defendant did sell, exchange and deliver to a bank, "for the sum of $196, a falsely made, forged and counterfeit instrument," it sufficiently charged the consideration, and no force or validity was added to the information by an amendment after the trial began by interlining the words "consideration of the" just before the word "sum."

2. FORGERY: Utterance: Loan and Sale: Wrong Statute. Where defendant forged the names of three sureties to a promissory note, signed by himself and made payable to a bank, and presented it to the bank in pursuance to negotiations between him and its officers for a loan, and obtained a loan thereon, his conviction cannot be maintained under Sec. 2013, R. S. 1889, for his offense was not a sale, exchange or delivery of an altered, forged or counterfeit instrument, with the intention of having the same uttered or passed, as contemplated by that section, but his offense was that defined by section 2009, which provides that "every person who, with intent to injure or defraud, shall falsely make, alter, forge," etc., or under section 2012, for forging or uttering the note knowing it to be forged. And his conviction, under said section 2013, of forgery in the fourth degree cannot stand.

3. CONVICTION UNDER WRONG SECTION: Acquitted Under Right Section. Where the facts of defendant's offense do not bring his case within the purview of a statute under which he was convicted, he is entitled to his discharge, notwithstanding he was acquitted under another statute clearly applicable to his offense and he is clearly guilty of the offense denounced by that statute.

4. **PLEA IN BAR:** Preserved for Review. A plea in bar, in order to be considered on appeal, must be set out, not simply referred to, in the bill of exceptions.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors,* Judge.

REVERSED AND REMANDED.

*Jesse H. Schaper* for appellant.

(1)    The trial court committed error in permitting the State to amend the information in matter of substance on the trial.    That a prosecuting attorney had the right, both at common law and under our Statute of Jeofails, to amend his information in matter of form or substance at any time, by leave of court, before the trial, is here conceded.    But his right to amend after trial in matter of substance, such as was done in the case at bar, against the objection of defendant, even with leave of court, was prejudicial error.    R. S. 1899, sec. 2481; State v. Vinso, 171 Mo. 576; State v. Emerson, 188 Mo. 412.    It will not do to say that defendant should have met the amendment by a motion to quash, and, if overruled, saved an exception, because the rule at common law is that a motion to quash will not be entertained when the cause is on trial.    1 Bishop on Criminal Procedure (1 Ed.), par. 447.    (2) The trial court committed error in sustaining the State's demurrer to defendant's special plea in bar.    Defendant's plea in bar showed that the offense of which defendant was being prosecuted by the information of the prosecuting attorney was a necessary element in and constituted an essential part of the offense of which defendant had been indicted and acquitted by a jury, and that both offenses were in fact but one transaction.    The plea in bar therefore presented an issue which should have been submitted to a jury, and as this was not done, the court committed

error.    State v. Smith, 43 Vt. 324; State v. Huffmann, 136 Mo. 58.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)    The information, which was accompanied by the affidavit of the prosecuting attorney, is sufficient in form and substance.    State v. Webster, 152 Mo. 89; Kelley's Crim. Law, sec. 774; R. S. 1899, sec. 2013.    (2)    No error was committed in permitting the State to introduce the alleged forged note in evidence. Even if it be conceded that there was a difference in the manner of spelling the proper names, it cannot be said that there was a variance.    While this court has gone far in holding that the *probata* must agree with the *allegata,* yet no case can be found which holds that the misspelling of a word or two is sufficient to constitute a variance.    (3)    Defendant is not in a position to raise the question of the ruling by the trial court on his plea in bar and the State's demurrer thereto. Said plea and demurrer are not preserved in the bill of exceptions, and, therefore, the court's action is not open for review.

FOX, P. J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of the circuit court of Franklin county convicting him of the offense of forgery in the fourth degree, for selling, exchanging and delivering a    falsely    made, forged and counterfeit note for $200.

On the 8th day of January, 1907, the prosecuting attorney of Franklin county filed an amended information, in two counts. The first count charged the defendant with having in his possession a certain falsely made, altered, forged and counterfeit note for $200 on the Bank of Sullivan in Franklin county.    The second count of the information alleged that "Clar-

ence Standifer at the said county of Franklin in the State of Missouri, on the 6th day of October, 1906, did then and there unlawfully and feloniously and with intent to injure and defraud, sell, exchange and deliver to the Bank of Sullivan, a banking corporation organized and existing under and by virtue of the laws of the State of Missouri, for the (consideration of the) sum of one hundred ninety-six dollars, a falsely made, forged and counterfeit instrument of writing purporting to be the act of Carroll McCallister, F. M. Bennett and M. S. Crow, which said falsely made, forged and counterfeit instrument is of the tenor following, that is to say:

"'No. — $200.00.        Sullivan, Mo., Sept. 26, 1906.

"'Three months after date we, each as principal, promise to pay to the Bank of Sullivan or order in Sullivan, Mo., two hundred and No-100 dollars. For value received, negotiable and payable without defalcation or discount, with eight per cent interest per annum after maturity. The makers, sureties, indorsers, and guarantors of this note severally waive presentment for payment, notice of non-payment, protest, notice of protest, and diligence in bringing suit against any party thereto, and consent that the time of payment may be extended without notice thereof.

"'CLARENCE STANDFORD,
CARROLL McCALLISTER,
F. M. BENNETT,
M. S. CROW.'

"Knowing the same to be forged, counterfeit, and falsely made, with intent then and there and thereby unlawfully and feloniously to have the said falsely made, forged, and counterfeit instrument uttered and passed, against the peace and dignity of the State."

The information was accompanied by the affidavit of one L. A. Fisher. Upon the date of the filing of the amended information the defendant was put upon

trial.   At the introduction of testimony defendant challenged the sufficiency of the amended information by an objection to the admission of evidence, upon the ground that neither the first nor the second count of said information stated facts sufficient to constitute any offense.   The challenge to the second count of the information was based on the alleged failure of an allegation of consideration for the sale or delivery of the note.   By leave of court and over the objections and exceptions of defendant and during the progress of the trial of the case the prosecuting attorney then amended the second count by inserting therein the three words "consideration of the" enclosed in parenthesis above, whereupon the court sustained the objection of defendant to the first count and overruled his objection to the second count, to which action of the court the defendant excepted.

The State's evidence tended to show that the Bank of Sullivan is situated in the town of Sullivan, Franklin county, Missouri.   That defendant, from his home in Morrellton, Franklin county, communicated by telephone with Leo A. Fisher, president of the Bank of Sullivan, at his residence in Sullivan, said county, after supper on September 26, 1906, in which communication defendant applied for a loan of two hundred dollars from said bank.   Mr. Fisher told the defendant that if he would give good security the bank would let him have the money.   Defendant replied that Carroll McCallister, F. M. Bennett and M. S. Crow would sign the note as security, and Mr. Fisher told defendant he could have the loan upon the security offered. On the following day, by direction of Fisher, the cashier of the bank, H. O. Hollow, prepared the form of the note read in evidence and mailed the same, together with a letter addressed to Clarence Standifer at Morrellton, Mo.   On October 4, 1906, defendant called at the bank and asked the cashier to change the time of

payment of the note from three months to twelve months, but the cashier refused and defendant then told him he would try to get along with it that way. Afterwards, at about one o'clock in the afternoon of October 6, 1906, defendant came to the bank with his note filled out; Tracy Schaefer, the assistant cashier, the only person in the bank at the time, waited on defendant, who handed the note to Schaefer and at the time asked if Hollow was there. Schaefer received the note, and after deducting the interest, paid the balance of one hundred and ninety-six dollars to defendant. Mr. Fisher returned to the bank about an hour later, examined the note, discovered that the signatures of Bennett, McCallister and Crow were not genuine, took the note with him and left the bank in search of defendant, and found him traveling by rail from Sullivan to St. Clair, some miles east of Sullivan, where he was arrested within three hours after he left the bank. Defendant admitted that he had forged the names of McCallister, Bennett and Crow. The evidence further shows that Carroll McCallister could not write his name and that the names of all four men on said note were in the handwriting of the defendant, and that he signed the names of said parties to the note without their knowledge and consent. Defendant turned over to the officers $192.60 of the money he received from the bank, and to Constable Shelton defendant stated that his object in getting the money from the Bank of Sullivan was to go into the saloon business in Dry Branch or Morrellton, and that he expected to pay off the loan when he made some money out of the saloon and before the note became due. Over the objection of defendant the State offered and read in evidence the note heretofore referred to.

Defendant's evidence tended to show that he was twenty-three years of age, was in poor health and en-

joyed a good reputation for honesty and integrity prior to this trouble.

At the close of State's evidence defendant asked an instruction in the nature of a demurrer to the evidence, which was by the court overruled, to which the defendant excepted.

The cause being submitted to the jury upon the evidence and instructions of the court they returned a verdict finding the defendant guilty as charged in the second count of the information and assessed his punishment at three years' imprisonment in the penitentiary. Timely motions for new trial and in arrest of judgment were filed, and by the court overruled. Sentence and judgment were entered of record in conformity to the verdict, and from this judgment the defendant prosecutes his appeal, and the record is now before us for review.

## OPINION.

The record in this cause discloses many complaints by the defendant of error as a basis for the reversal of this judgment. We will treat of the assignments of error by learned counsel for appellant in the order in which they are suggested in the brief.

### I.

It is insisted that the trial court committed error in permitting the prosecuting attorney to amend the information in matter of substance on the trial. The record discloses that the trial proceeding, upon the introduction of testimony by the State the defendant objected to the introduction of any testimony on the ground that neither the first nor the second count of said information stated facts sufficient to constitute any offense. This objection being made, the prosecuting attorney, by leave of court, amended the second count of the information by inserting therein the three

words, "consideration of the," causing the informa-
tion to read, "for the consideration of the sum of one
hundred and ninety-six dollars," instead of reading
as it did prior to the amendment, "for the sum of one
hundred and ninety-six dollars." The error complain-
ed of is directed to this amendment.

This count of the information upon which the de-
fendant was tried is predicated upon the provisions of
section 2013, Revised Statutes 1899. This section pro-
vides: "Every person who shall sell, exchange or de-
liver, or offer to sell, exchange or deliver, for any con-
sideration, any falsely altered, forged or counterfeit-
ed instrument of writing, the forgery of which is de-
clared punishable, except as in the last section is ex-
cepted, knowing the same to be forged, counterfeited or
falsely altered, with the intention to have the same
uttered or passed, shall, upon conviction, be adjudged
guilty of forgery in the fourth degree."

It is insisted by appellant that it was essential to
the validity of the information to amend it by the in-
sertion of the words heretofore indicated, therefore
it is argued the amendment is one of substance, and
that such amendment being made after the commence-
ment of the trial, was not authorized by section 2481,
Revised Statutes of 1899, which substantially provides
that informations may be amended as to form and sub-
stance prior to the trial and may be amended as to form
and variance after the commencement of the trial.

At the very inception of the consideration of the
propositions involved in this case we find that the
facts upon which this information is predicated do not
constitute the offense charged and have no application
to the offense defined by section 2013, Revised Statutes
of 1899. We fully treat of that proposition in para-
graph two of this opinion.

Recurring to the question suggested by counsel
for appellant as to the amendment of the information

in the manner and at the time referred to, in our opinion, so far as concerns the form of the information and the terms embraced therein, it charged every element of the offense condemned by that section without the amendment as made by the prosecuting officer. In other words, we have reached the conclusion that the offense, so far as concerns the form of the information and the phraseology employed therein, was properly charged and that it was not essential to its validity to insert the words as heretofore suggested. The acts condemned by that section were the selling, exchanging or delivering or offer to sell, exchange or deliver, for any consideration, any falsely altered, forged or counterfeited instrument. It is only essential that the charge in the information shall embrace such terms in the information as will make it apparent upon the face of such charge that the sale, exchange or delivery was for a consideration. It is by no means necessary in charging the offense defined by the statute embraced in the provisions of section 2013, to use the word consideration. If other terms are used which are equivalent, that is all that the law applicable to good pleading requires. If the charge in this information that the defendant did sell, exchange and deliver the instrument to the bank designated in the information for the sum of one hundred and ninety-six dollars does not show a sale and delivery for a consideration, then we confess our absolute inability to interpret the English language. If this information had charged for the sum of—leaving it blank—it might be successfully urged that there was a failure to show any consideration for the sale and delivery; but when the language used is that the sale and delivery was made for the sum of one hundred and ninety-six dollars, in our opinion it expresses as clearly the consideration for such sale and delivery as to use the language "for the consideration of the sum of one hundred and ninety-six dollars."

The addition of the words "consideration of the" adds no force or vitality to the terms used, and they are absolutely unnecessary for the purpose of showing that there was a consideration. If A says, "I bought a horse from B for the sum of one hundred dollars," or if he says, "I sold a horse to B for the sum of one hundred dollars," will it be seriously contended that this is not a full expression that the sale or purchase of such horse was for the consideration of one hundred dollars? We think not.

It has been repeatedly held by this court that in charging an offense it is not absolutely essential to use the exact words of the statute. If words of equivalent import are employed it is a substantial compliance with the requirements of the law in charging the offense condemned by the statute. [State v. Ware, 62 Mo. 597.]

In State v. Watson, 65 Mo. 115, in discussing a proposition as to whether or not a charge of forgery would fall within the provisions of a certain section of the statute, which statute used the words respecting such forgery, as "pass, utter and publish," but instead of using the words of the statute the terms, "sell," "exchange" and "deliver" were used, this court, speaking through Judge HENRY, said: "It is generally, not, however, invariably, sufficient to describe the offense in the words of the statute; but it does not follow that other words may not be substituted. Selling, exchanging or delivering a bank bill or a piece of money is in common parlance passing the bill or money. The plain or ordinary and usual sense of the word 'pass,' as applied to coin or bank notes, is to deliver in exchange for something else, and is equally expressed by the words 'sell,' 'exchange' or 'deliver.' "

So it may be said in the case at bar, that the allegations in the information which charge a sale, ex-

209 Sup—18

change and delivery of the forged instrument for the sum of one hundred and ninety-six dollars, are as clearly expressive of the consideration of the sale, exchange and delivery as though it had been alleged that it was in consideration of such sum.

Our attention upon this proposition is directed to the case of State v. Hesseltine, 130 Mo. 468, and it is earnestly insisted by counsel for appellant that the announcement of the rule in that case is decisive of the proposition now under consideration. The learned judge writing the opinion in that case, which was one of forgery, in discussing the application of the charge to section 3634, Revised Statutes 1889, which is substantially the same as section 2002, Revised Statutes 1899, said that, "if framed under section 3634, the count is bad because it does not allege that the sale was for a consideration, and then specify such consideration, as it should do." It is sufficient to say of that statement of the law that, as an abstract rule of pleading, applicable to the offense defined by the section then under consideration, the announcement of the rule was clearly correct. The conclusion we have reached, as heretofore indicated, upon the proposition in the case at bar, by no means should be understood as holding that it was not essential to allege that the sale was for a consideration, and that such consideration should be specified; but we do mean to say that it is not essential to the validity of a charge, under the provisions of the section now being discussed, to use the term "consideration." We simply hold, in harmony with the repeated rulings of this court, that if the language used in making the allegation is equivalent to the words used in the statute, and when used in making the charge in an information it makes it manifest upon the face of the charge that the sale and delivery was for a consideration, the law respecting good pleading has been fully complied with.

The indictment in the Hesseltine case, to which
the attention of the court was directed in the foregoing
statement of the law applicable to pleading, failed to
allege that there was any consideration for the sale,
delivery or exchange of the forged instrument; there-
fore, it is clear that the conclusion reached by the court,
as announced in the foregoing rule of pleading, was
correct. We are unwilling to believe that the learned
judge meant to hold that the precise term "considera-
tion" should be used in charging the offense under the
statute, or that equivalent words would not be suffi-
cient, but we are convinced that he simply announced
a rule of pleading as applicable to that section, which
defined the offense to be the sale, exchange or delivery
of a forged instrument for any consideration and that
it was essential that a consideration should be alleged
and specified, and by no means should the rule an-
nounced be interpreted that it was absolutely essen-
tial to use the term "consideration," and that the em-
ployment of equivalent words would not satisfy the law
respecting proper pleading. Upon this proposition,
the contention of appellant respecting the complaint
to which our attention has been specially directed,
the ruling must be adverse to the appellant.

## II.

The fundamental error to which counsel for appel-
lant directs our attention in this proceeding, is that
upon the disclosures of the record the court erroneous-
ly held that a conviction of the defendant could be had
and maintained upon a charge predicated upon the
provisions of section 2013.

It will be observed that the defendant in this cause
obtained the money from the Bank of Sullivan by pre-
senting to said bank a promissory note for the sum of
$200, payable to the Bank of Sullivan, the same bank
from which the money was obtained, purporting to

have been signed and executed by the parties as alleged in the information. The evidence, which is undisputed, shows that the presenting of this note to the Bank of Sullivan was in pursuance of negotiations between the defendant and Mr. Fisher, president of the Bank of Sullivan, for the loan of $200 from said bank. The presentation of this note, payable to the Bank of Sullivan, by the defendant was not a sale, exchange or delivery of an altered, forged or counterfeited instrument, as contemplated by the provisions of section 2013. It was simply the presentation and delivery of a contract in writing evidencing an indebtedness, purporting to be executed by the parties signed thereto, in which a promise to pay a certain amount of money was embraced. In other words, it was simply the presentment and delivery of a promissory note, purporting to be executed by the parties signing the same, to the Bank of Sullivan, for a loan of so much money. This note is fully set forth in the second count of the information upon which the defendant was convicted, and is reproduced in the statement of this cause, and it makes no difference whether such note was falsely made and forged by the defendant and presented and delivered to the bank for the loan of $200, or whether it was falsely made and forged by anyone else, with the knowledge of the defendant, and was presented by him to the bank for the loan, such acts fail to fall within the provisions of section 2013; nor do they constitute the offense of forgery in the fourth degree, as defined by that section.

If the defendant falsely made, altered or forged the promissory note alleged in the second count of the information, then it is clearly manifest that the offense of which he is guilty is defined by the provisions of section 2009, which provides that "every person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit any instrument or writing,

being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be transferred, created, increased, discharged, or diminished,'' or if he forged the note himself, or if someone else perpetrated the forgery and he had it in his possession, with full knowledge that it was forged, with the intent to injure or defraud, by uttering the same as true or false, or causing the same to be so uttered, in that case his offense could appropriately be predicated upon the provisions of section 2012.

Emphasizing the correctness of the conclusion upon this proposition, as heretofore indicated, we direct attention to the case of State v. Webster, 152 Mo. 87. That case was decided by Judge GANTT at the October term, 1899, of this court. An examination of it will clearly indicate a state of facts which point out clearly the class of offenses sought to be covered by the provisions of section 2013. The indictment in that case was under the provisions of section 3645, Revised Statutes 1889, the provisions of which are substantially the same as section 2013, upon which the charge in the case at bar was predicated. In that case the defendant Webster was indicted for unlawfully and feloniously selling and delivering to Evingston & Company, a firm composed of Messrs. M. G. Evingston, E. K. Morgan and A. P. Young, a certain falsely made, forged and counterfeited check purporting to have been made and drawn by one Lige Garrison upon the Camden County Bank, a banking corporation duly organized and existing under the general laws of Missouri, in favor of one Cahley Parrick, which said check was of the tenor following:

"Linn Creek, Mo., Sept. 16, 1895.
"Camden County Bank,

"Pay to Cahley Parrick or order $128 (one hundred and twenty-eight dollars).

LIGE GARRISON.''

"Knowing said check to be falsely made, forged and counterfeited with felonious intent, then and there to have the same passed, against the peace and dignity of the State."

The defendant was tried and convicted upon that indictment and the judgment of conviction was affirmed. In that case we have a plain statement of a state of facts which clearly fall within the provisions of section 2013, and it is that character and class of cases that is sought to be covered by the provisions of that section.

If in this case the facts disclosed had shown that the defendant had in his possession a promissory note for $200, purporting to have been executed by some other person to himself, or to some other individual, and such note had been altered or forged and he had knowledge of such alteration and forgery, and then he should have sold, exchanged or delivered that note to the bank for a consideration, with the intention to have the same uttered or passed, his offense would have clearly fallen within the provisions of section 2013; but that is not this case. We have here simply the presentation and delivery to the Bank of Sullivan of a promissory note, made payable to said bank, purporting to have been signed by the parties whose names are attached to it, for the purpose of securing a loan, and this state of facts by no means is within the purview of the provisions of section 2013, nor did the provisions of that section defining the offense therein embraced, have in contemplation that class or character of acts.

The facts as disclosed by the record upon the trial of this cause clearly indicate the guilt of the defendant of either forgery in the third degree under the provisions of section 2009, or forgery in the fourth degree under the provisions of section 2012. In fact, his guilt is practically admitted. It is therefore with great reluctance that we feel constrained to reverse the judg-

ment in this cause; however, we see no escape from it, unless we are ready to ignore all the rules of law applicable to the subject of the different phases of forgery provided for by the statute. The defendant in this cause undoubtedly must have been born under a ''lucky star;'' for, from intimations in the record, he seems to have been acquitted of all charges predicated upon the only sections upon which he could have been convicted, and convicted upon about the only section which did not in any way define the offense of which he was guilty. The record discloses that the defendant was acquitted of the offense as charged in the first count of the information, which was predicated upon the provisions of section 2012, Revised Statutes of 1899, and it may be that, from what is said in the brief of learned counsel for appellant, he has also been acquitted of the offense charged under the provisions of section 2009, Revised Statutes of 1899. However, the plea in bar, which purports to preserve the judgment of acquittal under the provisions of that section, is not before us for review, and therefore we shall not undertake to discuss it. An examination of the record discloses that the plea in bar is not incorporated in the bill of exceptions. It is set out in the record proper, but when it comes to present the bill of exceptions to the judge for his signature the only reference to such plea contained in the bill of exceptions, which was signed by the judge, was that the defendant excepted to the action of the court in sustaining the demurrer to the plea in bar. Then there is this note: ''Said plea in bar is set forth on page 5.'' The mere reference to this plea and that it is set forth on page five by no means is sufficient to make it a part of the bill of exceptions, nor is it embraced within the bill of exceptions in contemplation of the rules of practice applicable to matters which must be incorporated in the bill of exceptions, therefore we decline to take any

notice of this plea in bar. We will say, however, if as a matter of fact the defendant had been tried and acquitted upon a charge predicated upon the provisions of section 2009, such acquittal would necessarily be a bar to any other prosecution under the provisions of that section.

We have indicated our views upon the vital propositions disclosed by the record before us, which results in the conclusion that the judgment of conviction upon the charges predicated under the provisions of section 2013 is erroneous. The defendant cannot be convicted under the provisions of that section.

The judgment of the trial court should be reversed, and for the purpose of giving the court an opportunity to make such orders touching a new charge as it may be authorized to make under the provisions of the statute, this cause should be remanded. If the defendant has been tried and acquitted upon charges predicated upon all the provisions of the statute to which the facts of this case might be made applicable, then there is nothing left for the trial court to do except to discharge him.

All concur.