` THE STATE v. WILLIAM CHISSELL, Appellant.

Division Two, November 13, 1912.

1. **FORGERY: Information.** An information charging forgery which follows closely the language of the indictment in State v. Watson, 65 Mo. 115, is sufficient.

2. **————: Instructions: Upon Law of Admissions.** The refusal of the court to instruct the jury as to the law upon admissions made by defendant against himself and introduced in evidence by the State, was not reversible error in this case, for two reasons: First, such an instruction is always given, if given at all, at the instance of the State, and the refusal to give it in this

State v. Chissell.

case was clearly favorable to the defendant and therefore not prejudicial error; and, second, although the record shows that defendant requested such an instruction and excepted to the action of the court in refusing to give it, such refusal was not made a ground of the motion for a new trial.

3. ———: ———: **Refusal to Give: Motion for New Trial Must Particularize.** The appellant is required to call the court's attention particularly, in the motion for a new trial, to the question upon which the court failed to instruct the jury, in order to entitle him to a new trial upon such ground. An assignment in the motion that "the court erred in not instructing the jury on all the law in the case" is not sufficient to authorize the appellate court to review the trial court's action in refusing to give an instruction properly declaring the law as to admissions made by defendant against himself.

4. ———: **Sufficiency of Evidence.** The check purported to have been signed by one Dumont, who testified that the check introduced in evidence was not signed by him and was not his check, and another witness testified that defendant had stated that the check was passed by him, but that it had been signed by a colored boy in the wine room of the saloon in which defendant cashed it. *Held*, that this testimony sufficiently proved the forgery.

5. ———: ———: **Charge of Having Defrauded a Particular Person: Proof of Another: Variance.** Where the information charges that the check was forged and uttered with the intent to cheat and defraud a particular person, a conviction is not to fail because the proof shows that another person was actually defrauded. It is unnecessary, under the statute, to charge the name of the person defrauded, and where the pleader goes further than the statute requires and charges the name of the person defrauded, the prosecution is not to fail because the proof fails to sustain that charge. Where the charge is that the check was forged with the intent to defraud a barkeeper, who cashed the same from money taken from the cash drawer, and the proof is that the money belonged to the proprietor of the saloon, there is no fatal variance. [Refusing to follow State v. Samuels, 144 Mo. 68, which was substantially overruled by State v. Sakowski, 191 Mo. 635, and State v. Harris, 209 Mo. 433.]

6. ———: **Severe Punishment: Matter for Jury.** A punishment of five years' imprisonment for forging and cashing a check for five dollars seems, in its severity, out of proportion to the offense; but it was a matter within the province of the jury, under the statute.

Appeal from Randolph Circuit Court.—*Hon. Fred Lamb,* Special Judge.

Affirmed.

*A. C. Gladney* and *E. O. Doyle* for appellant.

(1) The instruction asked by the defendant at the close of the State's evidence and the one at the close of the whole case should have been given by the court, for the reason that there was a fatal variance between the allegations of the information and the proof made by the evidence. State v. Samuels, 144 Mo. 68; State v. Allen, 171 Mo. 562; State v. Young, 237 Mo. 170; Sherwood's Crim. Law, pp. 371-4. The instructions in the nature of a demurrer at the close of the evidence should have given for the reason that the forgery of the check was not sufficiently proved, and that the defendant knew that the check was a forgery. State v. Young, 237 Mo. 170. (2) The court erred in not instructing the jury upon the evidence given by the State's witnesses, concerning the admissions of the defendant, to which they testified. State v. Glahn, 97 Mo. 679; State v. Moxley, 102 Mo. 374. The information if sufficient at all, is so under Sec. 4656, R. S. 1909. State v. Hessletine, 130 Mo. 468; State v. Walker, 167 Mo. 366.

*Elliott W. Major,* Attorney-General, and *Campbell Cummings,* Assistant Attorney-General, for the State.

(1) The information is predicated on Sec. 4656, R. S. 1909, and fully charges every element of the offense of forgery in the second degree, as defined in that statute. It uses the terms, "sell," "exchange" and "deliver." It was held in State v. Watson, 65 Mo. 117, that the use of such words sufficiently describes the offense defined by said section. State v.

Samuels, 144 Mo. 71. The information, if predicated on Sec. 4644, R. S., is valid and sufficient. State v. Hesseltine, 130 Mo. 468; State v. Taylor, 117 Mo. 181; State v. Walker, 167 Mo. 366. (2) There was no fatal variance between the allegations of the information and the proof. (a) There is no allegation in the information that the money paid for the check was the property of Hoffberger. (b) The question of variance was not raised at the trial, and cannot now be urged. State v. Ballard, 104 Mo. 636. (c) Hoffberger was in possession of the money in the saloon as special bailee or custodian. It is proper in offenses committed upon or in relation to property, where there is ownership in one person and possession in another, as special bailee or custodian, to charge the ownership either as in the real owner or in the person in possession of the property. State v. Moore, 101 Mo. 316; State v. O'Connell, 144 Mo. 396; State v. Gorham, 55 N. H. 152; State v. Sullivan, 104 Mass. 217; Comm. v. O'Hara, 10 Gray, 469; Comm. v. Moore, 14 Mass. 217; People v. Phillips, 72 N. Y. 334; State v. Mullen, 30 Iowa, 205; People v. Quinn, 132 Ill. 333; State v. Kennedy, 31 Fla. 428; State v. Flower, 100 Ala. 96; 2 Bishop Crim. Law, Sec. 789; Wharton's Crim. Law (9 Ed.), Secs. 932a, 938. There was not a failure of proof, as the charge was laid that appellant intended to defraud a particular person named and the proof sustained the charge as laid. There was no evidence that appellant knew Hoffberger was not the owner and but a bartender. The question of ownership by bailee was not considered in State v. Samuels, 144 Mo. 68.

KENNISH, J.—At the June term, 1911, of the circuit court of Randolph county, appellant was convicted of the offense of uttering a forged check, knowing the same to be a forgery. The jury assessed his punishment at imprisonment in the penitentiary for a

term of five years, and from the judgment entered pursuant to the verdict he appealed to this court.

The information was based on Sec. 4656, R. S. 1909, and charged that the defendant, with intent to defraud one George Hoffberger, sold, exchanged and delivered to said Hoffberger, as true, for the valuable consideration of five dollars, a falsely made and forged check purporting to have been drawn by John Dumont on the Bank of Moberly, for the sum of five dollars, payable to Dan Pattison or bearer, knowing that said check was falsely made and forged.

The evidence for the State, which was somewhat meagre, tended to show the following facts:

At the time the offense was alleged to have been committed George Hoffberger was employed as a bartender at the saloon of Tony Fiorita in the city of Moberly. On March 31, 1911, the defendant went to Fiorita's saloon, presented the check in question to Hoffberger, and asked him cash it. Hoffberger took five dollars from the money drawer, and paid it to the defendant in exchange for the check. Defendant then purchased half a pint of whiskey, paid for it out of the money received for the check, and left the saloon. It was shown by the testimony of Dumont, and by the testimony of other witnesses as to admissions made by the defendant after he was arrested, that the check was a forgery. The testimony concerning the admissions made by the defendant also tended to prove that at the time he passed the check he knew it was a forged instrument.

The defendant did not testify in his own behalf, and the only evidence introduced by him was the testimony of Fiorita to the effect that the money given in exchange for the check belonged to Fiorita and not to Hoffberger.

Such additional facts as are necessary to an understanding of the questions before us for review will be stated in the course of the opinion.

I. The information was not challenged in the trial court nor is it directly challenged here. However, it is loosely drawn and the language of the averments is such as to raise a doubt whether it was intended to be bottomed upon Secs. 4644 or 4656, R. S. 1909. Because of these facts we have carefully examined the question as to its sufficiency. We shall not set out the information for the reason that it follows closely the language of the indictment in the case of State v. Watson, 65 Mo. 115, and was doubtless modeled upon the form found in that case. The court held the indictment in the Watson case good under said section 4656. That case has been followed in a number of later decisions, and under their authority we hold the information sufficient. [State v. Mills, 146 Mo. 195; State v. Harroun, 199 Mo. 519; State v. Standifer, 209 Mo. 264.]

II. The court instructed the jury upon the subjects of reasonable doubt and presumption of innocence, and gave a general instruction directing the jury that upon a finding of the facts charged in the information they should find the defendant guilty. Appellant does not complain of the instructions given, but assigns as error the action of the court in refusing to instruct the jury as to the law upon admissions made by the defendant against himself and introduced in evidence by the State.

The refusal of the court to instruct the jury as complained of cannot avail the defendant, for two reasons: First, such an instruction is always given, when given at all, at the instance of the State, and the refusal of the court to give it in this case was clearly favorable to the defendant and therefore not prejudicial error. Second, although the record shows that the defendant requested such an instruction and excepted to the action of the court in failing to give it, the refusal to give such an instruction was not made

a ground of the motion for a new trial. One ground of the motion is that "the court erred in not instructing the jury on all of the law in the case." Under the doctrine of the recent cases of State v. Conway, 241 Mo. 271, and State v. Dockery, 243 Mo. 592, the defendant is required to call the court's attention particularly, in the motion for a new trial, to the question upon which the court failed to instruct the jury, in order to entitle him to a new trial upon such ground. That was not done in this case. Certain exceptions to the general rule are recognized in the Conway case, but this case does not fall within them.

III. At the close of the evidence for the State, and again at the close of all of the evidence, the defendant asked an instruction directing a verdict of not guilty. The court refused the instruction and appellant assigns such action of the court as error. This complaint calls for a review of the incriminating facts relied upon by the State to sustain the verdict, in so far as the sufficiency of the evidence is challenged by appellant.

It is contended that the evidence fails to show that the check described in the information was a forgery. The check purported to be signed by the witness Dumont. That witness testified in behalf of the State that the defendant had formerly worked for him and that he had paid him with checks upon the bank upon which the check in question was drawn, but he further testified that the check shown to him and introduced in evidence was not signed by him and was not his check. It was also in evidence that the defendant stated after his arrest that the check was passed by him, but that it had been signed by a colored boy in a wine room of a saloon. We think this testimony sufficiently proved the forgery.

It is also urged that, as the information charged that the check was sold, exchanged and delivered, for

the consideration of five dollars, with intent to defraud George Hoffberger, the naming of Hoffberger, though not essential to a proper charge, became and was descriptive of the offense and was therefore necessary to be proved, and that as the uncontradicted testimony showed that the money and whisky paid and exchanged for the check were the property of the dramshop keeper Fiorita, and not of the witness Hoffberger, there was a fatal variance between the charge and the proof, and that therefore the court should have given the instruction requested. It is not an element of the crime denounced by said section 4656 that the instrument should have been uttered with intent to defraud some particular person. All that is required as to the intent in charging an offense thereunder is that the act was done "with intent to defraud."

Sec. 4921, R. S. 1909, is as follows:

"It shall be sufficient in any indictment for any offense where an intent to injure, cheat or defraud shall be necessary to constitute the offense, to allege that the defendant did the act with such intent, without alleging the intent of the defendant to be to injure, cheat or defraud any particular person; and on the trial of such offense, it shall not be necessary to prove an intent on the part of the defendant to injure, cheat or defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with an intent to injure, cheat or defraud."

It will be observed that the statute quoted consists of two parts, the former dealing with the charge and the latter with the proof. Each is independent of the other. Whether the pleader unnecessarily alleges the name of the person intended to be defrauded, or omits such name as authorized by the first part of said section, the latter part is equally applicable and in either case it "shall be sufficient to prove that the defendant did the act charged with an intent to injure,

cheat or defraud." The rule invoked by the appellant that when a necessary allegation is set forth with unnecessary detail the proof must support the charge as made, cannot obtain in the face of an express statutory provision to the contrary. Under the facts of this case there can be no doubt that the defendant in uttering the forged check intended to cheat and defraud, and more than that the State was not required to prove. The conclusion reached upon the point under consideration is not in accord with the case of State v. Samuels, 144 Mo. 68, but we regard that case as substantially overruled by the later cases of State v. Sakowski, 191 Mo. 635, and State v. Harris, 209 Mo. 423.

But, in addition to the foregoing, the averment of the information is that the check was passed with intent to cheat and defraud George Hoffberger, and there was not a variance between this averment and the testimony, for, as stated in 2 Bishop's New Crim. Proc., Sec. 427, "the intent is presumed . . . to defraud the one to whom the defendant, with knowledge of the forgery, passed or offered the forged instrument for value." [19 Cyc. 1423; Commonwealth v. Starr, 86 Mass. 301.]

It is further urged that the court should have given the instruction requested, for the reason that the testimony failed to prove that the defendant knew that the check was a forgery at the time he is charged with having passed it. The testimony shows that after the defendant was arrested he admitted to the witness Turner that he had passed the check on Hoffberger, but that he did not sign it; that "one of the darkeys wrote the check. It was not written by him, but while they were in the wine room." While this testimony is rather scant on the question of the defendant's guilty knowledge, it is uncontradicted, and we think it warranted a finding that the defendant knew it was not Dumont's check at the time he dis-

posed of it as charged. Our conclusion is that the instruction was properly refused.

A thorough examination of the record has left little doubt as to the defendant's guilt, and although the punishment of five years, in its severity, seems out of proportion to the offense charged and proved, that was a matter within the province of the jury. The record does not disclose prejudicial error, and accordingly the judgment is affirmed.

*Brown, P. J.,* and *Ferriss, J.,* concur.