THE STATE v. WADE DOLLARHIDE, Appellant.—87 S. W. (2d) 156.

Division Two, November 5, 1935.

*Sharp & Blunk* and *Tom R. Moore* for appellant.

*Roy McKittrick*, Attorney General, and *Wm. W. Barnes*, Assistant Attorney General, for respondent.

BOHLING, C.—Wade Dollarhide, charged by information with the murder, in the first degree, of James Knight, was found guilty of manslaughter, and his punishment assessed by the jury at ten years' imprisonment. He appeals from the judgment entered thereon. [See State v. Dollarhide, 333 Mo. 1087, 63 S. W. (2d) 998, for former appeal.]

The evidence on behalf of the State established that Knight went

964

to Dollarhide's home and sought to have Dollarhide pay an account due Knight (or one of Knight's sons) for road work. The subject was brought up while the parties were in the barn lot. After some words, Dollarhide ordered Knight to leave the premises. Knight and one of his sons proceeded from the barn lot into a lane. Dollarhide preceded them, and obtaining a "long Tom" twelve gauge shot gun from the house, returned to the fence at the lane. While deceased was approximately one hundred feet distant, Dollarhide shot deceased twice. The shot, with a few exceptions, struck deceased in the back, ranging from his head to his waist line, and killed deceased practically instantly. The material facts appear in the opinion on the former appeal, and need not again be set forth other than as may be required in the discussion of specific issues.

Appellant has not filed a brief.

One of the assignments in the motion for new trial is that Instruction No. 7 is a comment on the evidence, and the same has no place under the evidence as an instruction in the case.

■ Instruction No. 7 informs the jury of the purposes for which it might consider evidence of "threats" on the part of deceased against defendant. Construing the assignment as an attack against the instruction as a whole, and, without ruling the issue, viewing it sufficient for that purpose, it is without merit. The defendant introduced evidence of specific threats on the part of deceased against defendant. The instruction consists of two paragraphs, embracing several sentences, composed of clauses and phrases, conveying different thoughts as applied to the facts in evidence. It is not an abstract statement of a proposition or propositions of law. The jury were entitled to know the purpose for which this evidence was admitted, and it was proper for the court to instruct upon the subject. [State v. O'Leary (Mo.), 44 S. W. (2d) 50, 54(3).]

■ For the purpose of requiring an examination of the instruction to ascertain whether any given particular statement (or statements) therein amounts to a comment on the evidence, the assignment fails to meet the requirements of Section 3735, Revised Statutes 1929 (Mo. Stat. Ann., p. 3275), providing that the motion for new trial "must set forth in detail and with particularity in separate numbered paragraphs, the specific grounds or causes therefor." Speaking to the better practice with reference to an assignment relating to the competency of evidence, State v. Ryan (Mo.), 50 S. W. (2d) 999, 1000(8), states: "It is sufficient if the assignment contains the name of the witness, the substance of the testimony complained of and the grounds of its admissibility or inadmissibility." In State v. Majors, 329 Mo. 148, 156, 44 S. W. (2d) 163, 166(5), an assignment challenging the whole of a witness' testimony, "without attempting to point out with particularity, or at all, the portions thereof to which defendant desired to direct the court's attention or

to indicate the reasons for which he claimed the evidence had been improperly admitted'' was held insufficient. [See, also, State v. Lonon, 331 Mo. 591, 599(7), 56 S. W. (2d) 378, 381(8); State v. Shawley, 334 Mo. 352, 374(8), 67 S. W. (2d) 74, 85(19).] The statute makes no distinction between assignments of error relating to evidence and those relating to instructions. State v. Standifer, 319 Mo. 49, 54, 289 S. W. 856, 858, states: ''it has become the duty of counsel for appealing defendants in criminal cases to be as fair with the trial court as he expects to be with the appellate court.'' Our Rule No. 15, provides, among other things, that the brief for appellant shall distinctly allege the errors committed by the trial court and contain a statement of the points relied on, with citation of authorities thereunder. These provisions impose no greater care with reference to detail and particularity than is required under Section 3735, supra. [See Chawkley v. Wabash Ry. Co., 317 Mo. 782, 809(12), 297 S. W. 20, 30(24), overruling Bartner v. Darst (Mo.), 285 S. W. 449, 451(2); Murphy v. Tumbrink (Mo. App.), 25 S. W. (2d) 133, 135(4).] The assignment now under consideration, without further development, if in an appellant's brief in a civil case, certainly would be insufficient to call for a review of particular statements in the instruction. [See Pence v. Kansas City Laundry Service Co., 332 Mo. 930, 944(18), 59 S. W. (2d) 633, 639(21); Scott v. Missouri Pac. Railroad Co., 333 Mo. 374, 389(14), 62 S. W. (2d) 834, 840(17, 18).] In State v. Kuebler (March 2, 1929) (Mo.), 14 S. W. (2d) 449, 451(6), an assignment that ''instructions . . . 1, 2, 3, and 5, commented upon the evidence'' was considered sufficient; the court holding, without discussion, the instructions did not comment on the evidence. The learned commissioner writing the Kuebler case also wrote State v. Mason (March 2, 1929), 322 Mo. 194, 206(d), 14 S. W. (2d) 611, 617 (15), holding, in considering an assignment that Instruction 2 was in conflict with instructions 9, 11, and 12: ''In order to permit us to consider assignments of this nature, the assignment should set forth wherein a conflict exists.'' Considering the two holdings, the court apparently had in mind the distinction existing between considering an instruction treating of but one subject matter as a whole and considering the separate and distinct statements found in the instruction. So viewed, insofar as necessary for a determination of this issue in the instant case, the cases are harmonious. On the other hand, if the ruling on the assignment in the Kuebler case be construed as calling for an examination of the several sentences, clauses and phrases of a given instruction to ascertain, perchance, that one or more thereof comments on the evidence, it should be no longer followed. Appellant's assignment in the instant case leaves it for the court to search out from the various sentences, clauses and phrases of the instruction wherein it comments on the evidence, if

so; and, if it does, to speculate as to whether or not the pleader had the particular defect in mind when drafting the motion for new trial. This, under the statute, the court is not required to do [See State v. Martin (Mo.), 56 S. W. (2d) 137, 140(10)]; because, had the motion for new trial set forth by subdivisions, or part by part, or item by item (that is, "in detail and with particularity") the precise (that is, "specific") grounds or causes for new trial, a sufficient statement would have been embodied in the assignment to permit of the segregation of the statement in the instruction attacked by the assignment from the other statements in said instruction and thus preclude all necessity for speculation on the part of the court as to what particular statement in the instruction the pleader sought to question. [See Webster's New International Dictionary (2 Ed.) and Black's Law Dictionary (2 Ed.), for definitions of "Detail," "Particularity," "Specific."]

Notwithstanding the foregoing observations, we have examined Instruction No. 7 in detail for portions thereof commenting on the evidence. As far as we are able to ascertain that any detailed portion thereof may comment on the evidence, the error is one of nondirection and not misdirection. The instructions in the case are to be read and considered as a whole. In Instruction No. 6 the jury were told that they might consider the evidence omitted from mention in Instruction No. 7, together with that mentioned in Instruction No. 7, in passing upon the particular purpose for which the evidence was admitted. Instruction No. 6 fully and clearly stated the law on the subject matter of the instruction insofar as any portion of Instruction No. 7 may be considered a comment on the evidence. Again directing the jury's attention to the fact that they might take into consideration a certain portion of the evidence in passing upon the demeanor of the deceased was not, we think, prejudicial but rather favorable to appellant. We do not perceive how the jury could have been misled. Instruction No. 6 meets the criticism set forth in State v. Cole, 304 Mo. 105, 113-116, 263 S. W. 207, 210(1), 211(3), and is in accord with approved Instruction 8 in State v. Lloyd (Mo.), 263 S. W. 212, 215(9). In the Lloyd case the complete thought is conveyed in separate sentences of a given instruction; whereas in the instant case the complete thought is conveyed in Instruction No. 6, and a portion thereof repeated in Instruction No. 7. It cannot be said, as in the Cole case, that the jury in the instant case was precluded from a consideration of the matter held withdrawn from their consideration in the Cole case. Instruction No. 7, when considered as a whole and in connection with the other instructions in the case, does not comment upon the evidence to the prejudice of appellant. [State v. O'Leary (Mo.), 44 S. W. (2d) 50, 53, (2, 3).]

▮ Another assignment is that the court failed to instruct on

the right of appellant to protect his home and property and to eject deceased from his premises. Appellant testified he shot deceased because he "figured" deceased was going to kill him; that deceased had come for that purpose; that if he "didn't get" deceased, deceased would "get" him. His evidence, if believed, established that he acted in self-defense; and the court fully instructed thereon. It is sufficient to state the evidence did not warrant an instruction on the subject matter mentioned in the assignment.

██ Other assignments of errors in appellant's motion for new trial to the effect that the verdict is against the evidence, against the greater weight thereof, contrary to the law under all the evidence, and the result of passion and prejudice on the part of the jury [State v. Smith (Mo.), 68 S. W. (2d) 696, 697(1)]; that certain numbered instructions do not properly declare the law; that the court failed to instruct on all questions of law arising under the evidence; that the court erred in admitting irrelevant and incompetent evidence offered on the part of the State, and in rejecting competent and legal evidence offered on the part of the defendant [State v. Copeland, 335 Mo. 140, 148(1), 71 S. W. (2d) 746, 750(1)] have often been held insufficient to preserve anything for appellate review.

Finding no error in the record proper, the judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.