**STATE of Missouri, Respondent,**

v.

**William D. MACE, Appellant.**

**No. 45525.**

Supreme Court of Missouri.

Division No. 1.

Nov. 12, 1956.

No attorney for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

DALTON, Judge.

Defendant was convicted of forgery in the second degree and sentenced to eight years in the state penitentiary. The charge was drawn and the cause submitted under Sec. 561.250 RSMo 1949, V.A.M.S. (uttering false check) and the penalty assessed was within the limits fixed by Sec. 561.330 (2) RSMo 1949, V.A.M.S. And see Sec. 561.080 RSMo 1949, Sections 561.250, 561.-080 and 561.330 have since been repealed and a new section enacted. See Laws of Missouri 1955, p. 505; Sec. 561.011 RSMo, V.A.M.S. Such repeal, however, is immaterial to any of the issues here. Section 1.160 RSMo 1949, V.A.M.S. Defendant was allowed to appeal as a poor person and he has filed in this court what purports to be a brief, but, as we shall see, it is not directed to any of the issues presented to and ruled upon by the trial court.

In his brief the defendant contends that a certain check found under the front seat of his automobile at the time of his arrest and a check taken out of his sock at police headquarters after his arrest were erroneously admitted in evidence because his arrest was unlawful in that the arresting officer had no warrant for such arrest and no reasonable cause to believe that a felony had been committed or that the defendant was the guilty party. Defendant says "the records of the Independence Police Station read that defendant was booked for 'Drunken Driving' which shows that at the time of arrest there was no suspicion of a crime having been committed by defendant." (The offense referred to is a felony. See Sections 564.440 and 564.460 RSMo 1949, V.A.M.S.) No motion to suppress the checks (as evidence against defendant) was filed or ruled and the only objection interposed to the admission of the checks in evidence at the trial was that "they neither tend to prove or disprove this crime * * * they are not endorsed by defendant." Defendant further contends that a written statement or confession given to the police after his arrest was improperly received in evidence as there was evidence from which an inference could be drawn that it was not "a free and voluntary statement." The record contains substantial testimony to support a finding that the written statement in question was voluntarily given by defendant without threats or promises and after defendant had been fully advised of his constitutional rights in the matter. The sole objection made to the introduction of this statement in evidence was on the ground that "it refers to other checks than the ones in evidence, State's Exhibit 1, which the defendant is being charged with." Neither the statement nor the checks were specifically mentioned or

referred to in defendant's motion for a new trial. Supreme Court Rule 27.20, 42 V.A.M.S. Since it appears that appellant's pro se brief is not directed to any issues specifically presented to and ruled upon by the trial court or to any matter preserved for review on appeal and since the brief is foreign to the issues presented and decided, we shall disregard it and, in accordance with Rule 28.02, 42 V.A.M.S., we shall examine the entire record presented for review and the assignments of error stated in the motion for a new trial which are sufficiently specific to comply with Supreme Court Rule 27.20, 42 V.A.M.S. One of the assignments in the motion for a new trial is that the court erred in refusing to instruct the jury, at the close of the state's evidence, to return a verdict of not guilty. Defendant neither testified in his own behalf nor offered any evidence and the cause was submitted solely on the state's evidence, which we shall briefly review in order to determine the sufficiency of the evidence to support the judgment.

On February 18, 1955, Jess L. Brents was operating a service station in Independence, Jackson County, Missouri, selling Standard Oil Company products. On that date defendant presented a check for $52.71 in payment of a $10 account and received the difference in cash. The check purported to be a payroll check, dated February 18, 1955, drawn on the City National Bank & Trust Company of Kansas City, Missouri, for the amount mentioned, payable to Allen Hutchinson and purporting to have been executed by F. W. Berger, F. & W. Construction Company, and endorsed by the payee. Defendant said the check was the payroll check of his brother-in-law, whom he said was the man accompanying him in his automobile. Defendant endorsed the check in Brents' presence, signing the name William D. Mace. When defendant left the station, Brents stepped out of the station and rechecked the automobile, seeing what appeared to be the same automobile, the same license number and the same Allen Hutchinson that had

been in Brents' station on a previous occasion. The check was "sent in through" the Raytown Bank, but it was dishonored by the drawee bank and returned to Brents. There was further evidence that there was no such account and had been no such account as F. W. Berger or F. & W. Construction Company in City National Bank & Trust Company of Kansas City, Missouri; and that the check had been returned to Brents on his endorsement, when the maker's account could not be located. During the period, February 18 to March 1, 1955, five such checks, purporting to be drawn on such an account in said bank, had been presented to the bank for payment and payment had been refused as no such account could be located.

Within a week or two prior to February 18, 1955, defendant had first appeared at Brents' service station in a Pontiac automobile with some other persons including Hutchinson and had obtained some gasoline on credit. Defendant gave his name and also an address and Brents took defendant's automobile license number. When Brents checked the address he found it was not correct, as there was no house at the address given. In the meantime defendant had made other purchases and the amount due was $10, when the check in question was presented. After defendant's arrest Brents identified him at the police station as the person who had presented and cashed the check and Brents was present when defendant's statement was taken and signed.

In the written statement defendant said he had not participated in writing any bogus check in the Kansas City area, but that he was involved only in cashing such checks; that he had received four checks, such as the one in question, from one Elmer Lenz, who was supposed to get $100 from the proceeds of the checks; that the checks had been prepared for cashing; that they were drawn on the City National Bank & Trust Company of Kansas City, Missouri, and signed Brown Construction Company

or F. & W. Construction Company, both being fictitious names, and that the name used as the "issuer" was F. W. Berger or F. W. Boggs; that he had cashed four such checks, to wit; Brents Service Station, 23rd & Sterling, $52.71, February 21, 1955; Hudson Oil, Truman Road, Maywood Distr., $52.71, date unknown; Red X., Riverside, Mo., $87.63, February 27, 1955; and Paul's Texaco Service, Riverside, Mo., $87.63, February 27, 1955; that he knew the checks were forged when he received them and he intended to cash them; and that the purpose in cashing the checks was to defraud people of their money.

At the time defendant was arrested, he was in possession of an automobile and was accompanied by one Allen Hutchinson and a similar check was found underneath the front seat of the automobile. The check purported to be a payroll check, dated Feb. 26, 1955, drawn on the City National Bank & Trust Company of Kansas City, Missouri, by F. W. Boggs, Brown Construction Company for $87.63, payable to Robert B. Gates and purportedly endorsed by Robert B. Gates. When this check was found, defendant said "it was his wife's brother's check, payroll check." After defendant had been taken to the police station, another check of the same date, drawn on the same bank for the same amount, by the same alleged maker, but payable to Robert Moore and bearing an endorsement "Robert Moore", was removed from defendant's sock. The check also bore the words "Payroll check."

Subsequent to defendant's arrest two other similar checks on which payment had been refused by the same drawee bank were turned over to the police department and these checks were exhibited to defendant and Hutchinson, both were then under arrest, and they admitted passing these checks. Each of these checks purported to be a payroll check and both were dated February 21, 1955, drawn on the City National Bank & Trust Company of Kansas City, Missouri, for the same amount ($57.-

23) and by the same maker, to wit, F. W. Berger, F. & W. Construction Company, but one check was payable to Gilbert D. Brown and endorsed in the same name and by Allen Hutchinson, while the other was payable to John T. Clark and so endorsed and also by Robert R. Mack and the Hudson Oil Company of Missouri. Both checks had been returned by the said bank with notations, "unable to locate" such an account. The several checks in question were admitted in evidence and the court subsequently instructed the jury, in part, as follows: "The Court instructs the jury that the evidence introduced as to other transactions, if any, is submitted to your consideration, for the sole purpose of shedding light (if they have that effect) upon the intent and motive of the defendant in the transaction set out in the Information in this case, for which he is now on trial, and for no other purpose." See State v. Saussele, Mo.Sup., 265 S.W.2d 290, 295 (11).

The record further shows that defendant and Hutchinson were arrested at 2:30 a. m., March 1, 1955, on account of particular circumstances observed by the arresting officers and detailed in their testimony.

■ The evidence hereinbefore reviewed was sufficient to sustain defendant's conviction for the offense charged. State v. Lamb, Mo.Sup., 239 S.W.2d 496; State v. Dobbins, 351 Mo. 796, 174 S.W.2d 171; State v. Chissell, 245 Mo. 549, 555, 150 S.W. 1066. The court did not err in overruling the request for a directed verdict.

■ Error is assigned on the closing argument of the prosecuting attorney as being prejudicial, inflammatory and outside the evidence. The record fails to show an objection to any part of the argument. In the absence of an objection at the time, the defendant is in no position to complain on appeal. The record presents nothing for review. State v. Pippin, 357 Mo. 456, 209 S.W.2d 132, 134(5); State v. Tompkins, Mo.Sup., 277 S.W.2d 587, 592(20).

■ Error is assigned on the ground that "the judge did not instruct on all the law in the case." The assignment does not point out any particular subject upon which the court failed to instruct and it is so general that it does not present a reviewable question. State v. Lamb, supra; State v. Biven, Mo.Sup., 151 S.W.2d 1114, 1119(14).

■ Other assignments that the verdict was against the weight of the credible evidence, that the verdict was against the law and that "the court erred in admitting improper, irrelevant evidence prejudicial to the defendant, over the objection of defendant" are general assignments, pointing to no specific errors and presenting nothing for review. Supreme Court Rule 27.-20; State v. Dollarhide, 337 Mo. 962, 87 S.W.2d 156, 159(6); State v. Copeland, 335 Mo. 140, 71 S.W.2d 746, 750(1–3); State v. Sheard, Mo.Sup., 276 S.W.2d 191.

■ A final assignment is that the sentence is excessive. Section 561.250 RS Mo 1949, V.A.M.S., the statute under which the information was drawn and the cause submitted, provides that a person convicted of the offense therein stated shall "be adjudged guilty of forgery in the same degree as herein declared for the forging * * * the instrument * * * so passed, uttered or published * * *." Section 561.080 RSMo 1949, V.A.M.S., provides that the forgery of a check shall constitute forgery in the second degree. Section 561.-330(2) RSMo 1949, V.A.M.S., provides that a person convicted of forgery in the second degree shall be punished by imprisonment in the penitentiary for a term of not less than two nor more than ten years. Fixing the limits of the punishment for a crime is a legislative and not a judicial function. The punishment assessed by the jury was within the limits fixed by the legislature and it may not be held to be excessive. State v. Copeland, supra, 71 S.W.2d 746, 752(10); State v. Jenkins, 327 Mo. 326, 37 S.W.2d 433, 436(7).

The information is sufficient in form and substance. The verdict is in proper form and responsive to the information and issues submitted. Allocution was granted and the sentence and judgment are proper and responsive to the verdict.

The judgment is affirmed.

All concur.