## THE STATE v. MADDOX, Appellant.

### Division Two, January 23, 1900.

**Motion for New Trial:** FILED OUT OF TIME. Unless the motion for a new trial is filed within four days after verdict, there is nothing for the appellate court to review, and the judgment will be affirmed.

Appeal from Ralls Circuit Court.—*Hon. John Megowan,* Special Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

The trial court had no right to extend the time of filing the motion beyond the statutory term of four days and more especially to a time in vacation of court. Section 4270, R. S. 1889, especially provides that a motion must be filed before judgment and within four days after the rendition of the verdict. This statute has been held to be mandatory. Allen v. Brown, 5 Mo. 323; Welsh v. St. Louis, 73 Mo. 71; Moran v. January, 52 Mo. 523; Richmond v. Poage, 36 M. 313; St. Louis v. Towl, 41 Mo. 399; St. Joe v. Robinson, 125 Mo. 1; St. Louis v. Boyle, 130 Mo. 572; State v. McGowan, 62 Mo. App. 625.

GANTT, P. J.—At the August term, 1897, of the circuit court of Ralls county the defendant was indicted for robbing Jacob Castator. He was duly arraigned, tried, convicted and sentenced to the penitentiary for twenty-two years.

He appeals to this court. The indictment is sufficient and the record proper without error.

The facts are about as follow: Jacob Castator lived at Salt River Toll Gate, in Spencer township, Ralls county,

Missouri. He was toll-gate keeper at that place for the "Hannibal and New London Gravel Road Company." His dwelling house was situated about 120 yards from Salt River on the road of said company, about one and one-half miles north from New London. The house was on the east side of the road and the south side of the river. His family consisted of himself and wife. They were at home on the night of July 14, 1897. The house stood about six feet from the road and about ten feet from the chain post on the east. On that night he and his wife occupied the southwest room, next to the road. The door to the house was about 15 feet from the post to which the chain, hanging across the road, was attached. About 11 o'clock on the night in question he was called from his bed by some one who he afterwards found to be on horseback. He got up and opened the screen door when he saw the man on a horse, facing the chain. Thinking he wanted to pay toll and pass in upon the gravel road, he called to him to wait a few minutes and he would get up and let him through. On stepping out of the house, two man jumped from behind the post and demanded that he throw up his hands. They exhibited revolvers and he complied with their request. Defendant Maddox was recognized as one of the robbers. The three men bound his hands behind him, led him into the house, where they tried his feet together and threw him across the foot of the bed. They then bound the wife in like manner, and demanded the keys to the lock which fastened the chain across the road and the drawers to the bureau and trunks in his house. Defendant Maddox took them from Castator's hands, unlocked the chain across the road, returned to the house and entered the drawer in which they kept the cash collected by tolls for the road company. From this, defendant took about $75 in money. In addition to this, the watch and two chains described in the indictment, and several pieces of property were also taken. Defendant and Bauer, an alleged confederate, were arrested in Hannibal on the following day.

The defendant has no counsel in this court. His name is not new to our docket. At the October term, 1893, he was before this court on a charge for robbery which seems to be his favorite role.

As already said, we find no error in the record proper and it only remains to be seen whether he has preserved his exceptions in such a manner as to require this court to pass upon them.

Looking to the record we find the verdict was rendered on the 17th day of September, 1897, and his motion for new trial was filed September 22, 1897, more than four days after the rendition of the verdict. Section 4270, Revised Statutes 1889, provides, "The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor, and be filed before judgment, and within four days after the return of the verdict or finding of the court, and shall be heard and determined in the same manner as motions for new trials in civil cases." This statute has always been held to be mandatory. [Allen v. Brown, 5 Mo. 323; Moran v. January, 52 Mo. 523; Maloney v. Railroad, 122 Mo. 106; St. Joseph v. Robison, 125 Mo. 1; St. Louis v. Boyce, 130 Mo. 572.] There being then, in legal contemplation, no motion for new trial, there is nothing for us to review, and the sentence is affirmed.

*Sherwood* and *Burgess, JJ.,* concur.