THE STATE v. WILLIE HASCALL, Appellant.

Division Two, December 1, 1920.

1. **INFORMATION: Amendment: Utterance of Forged Instrument.**
In an information charging defendant with having uttered a
forged instrument purporting to have been signed by Mary E.
Lynch, it is unnecessary to allege the character of the bank to
which the instrument was presented, and therefore an amend-
ment, after the jury is sworn, by changing the word "institution,"
used after the name of the bank, to "corporation," does not change
the nature of the charge, is not misleading, and places no ad-
ditional burden on the accused.

2. ————: **Clerical Error: And for An.** The use of the conjunction
"and" instead of the article "an" in an information, where clearly
a clerical error, is an immaterial variance.

3. **VARIANCE: Instruction: Omission of Word Used in Information.**
The word "witness," opposite a name which appeared on the
order alleged to have been falsely uttered, if written there by the
cashier of the bank to whom defendant presented the order, was
no part of the order, and might have been omitted from the in-
formation, but if used therein, its omission from the instruction
describing the falsely uttered order was an immaterial vari-
ance, and hence not prejudicial.

4. **MOTION FOR NEW TRIAL: Supplementary.** A so-called sup-
plemental motion for a new trial, if not filed within four days
after the verdict of the jury or the finding of the court, cannot be
considered, nor are errors assigned therein preserved for review.

5. **READING FALSE ORDER TO JURY: Omitted Word.** Where the
word "witness" opposite a name on the falsely uttered order was
written there by the cashier of the bank to whom accused uttered
the order, a direction by the trial court to the prosecuting at-
torney to omit the word in reading the order to the jury was not
error.

6. **ARRAIGNMENT: After Immaterial Amendment of Information.**
After the information had been unnecessarily amended by chang-
ing the word "institution" to "corporation" after the name of the
bank to which the falsely uttered order was presented, it was
not necessary that defendant be re-arraigned.

7. **DEMURRER TO EVIDENCE.** The evidence of defendant's guilt
being ample, a demurrer to the evidence cannot be sustained.

Appeal from Hannibal Court of Common Pleas.—*Hon.*
*Charles T. Hays,* Judge.

AFFIRMED.

*E. W. Nelson, B. E. Bigger* and *Harry Carstarphen*
for appellant.

(1) The court erred in granting the State leave to
amend the information by interlineation. State v.
Schrum, 255 Mo. 273; State v. Henschel, 250 Mo. 263.
(2) It is conceded, by reason of the amendment, that
the information did not designate whether it was a per-
son, partnership or corporation to whom the instrument
was passed, uttered and published. State v. Patterson,
259 Mo. 101. It does not permit of dispute that Sec.
4656, R. S. 1909, under which Hascall is charged, creates
two distinct classes of offenses. State v. Burgess, 268
Mo. 407. To complete this offense the instrument must
be passed, uttered or published to a person, persons or
a corporation and the person or corporation to which
passed becomes a material element of the charge and
must be set out particularly, both to afford the accused
his rights guaranteed under the Constitution, Art. 2, sec.
22, wherein the accused is given the right "to demand
the nature of the cause of the accusation" and also that
the information must be sufficiently definite to bar an-
other prosecution. State v. Murphy, 164 Mo. App. 204;
State v. Henschel, 250 Mo. 263; State v. Jackson, 90
Mo. 156; State v. Pierce, 136 Mo. 34; State v. Samuels,
144 Mo. 68; State v. Meysenburg, 171 Mo. 22. Neither
is corporation alleged by the fact that the information
contains the words "legally organized and existing under
and by virtue of the laws of the State of Missouri, locat-
ed and doing a general banking business at Hannibal."
State v. Washington, 259 Mo. 335. The accused was thus
forced to trial on an information which became a valid
charge, if at all, only after the trial was begun. (3)

Stripped of verbiage the allegation states this: "did pass, utter and publish and order," a conjunctive accusation of uttering and ordering, but no allegation that any particular thing was uttered or ordered. Further in the information is an attempt to allege that an order was forged and money was obtained, but no allegation that accused uttered the order so alleged to be forged. State v. Fairlamb, 121 Mo. 154. This is not a case of the mere misspelling of a word as the omission of the letter "h" in the word "child": State v. Griffin, 155 S. W. 432, 249 Mo. 624. If we must assume the information means something else than what it states, then guesses are necessary, and the word "and" may be "any," "no" "one" or "red." State v. Campbell, 210 Mo. 202; State v. Clinkenbeard, 135 Mo. App. 189. (4) Instruction 1, on behalf of the State, does not direct the jury to find the order to be as alleged in the information but varies from it, as does the evidence in the case. "Where the matter of a written instrument is introduced into the pleading, so as to imply that a correct recital is intended, very slight discrepancies between the instrument set out and that produced in evidence are fatal." State v. Smith, 31 Mo. 121; State v. Fay, 65 Mo. 490; State v. Owen, 73 Mo. 440; State v. Chamberlain, 75 Mo. 382; State v. McNerney, 118 Mo. App. 60; Commonwealth v. Lawless, 101 Mass. 32; Brown v. People, 66 Ill. 344; Hart v. State, 20 Ohio, 49; State v. Blanchard, 74 Iowa, 628. "Where the indictment attempts to set forth an instrument or writing according to its tenor, the evidence must conform to the instrument set out, although the instrument is unnecessarily particular." 22 Cyc. 464. (5) The instrument as set out in the charge contains the word "witness," and the instruction mentioned does not require the jury to so find. "When the state charges a violation in a particular way, it must be bound by the position it takes, and is not entitled to a verdict in its favor unless it makes proof of the particular charge which it has made." State v. Young, 136 Mo. App. 881. (6) The

trial court permitted the State's Attorney to read in evidence an order different from that defendant was charged with uttering, in that court directed counsel, to omit a part thereof, to-wit, the word "witness." 1 Wharton's Crim. Ev. (10 Ed.) p. 322. (7) The defendant should have been arraigned and given an opportunity to enter his plea after the amendment of the information, otherwise there was no issue joined, since criminal law does not permit of a sentence by default. Maeder v. State, 11 Mo. 363; State v. Andrews, 27 Mo. 267; State v. Koerner, 51 Mo. 174.

*Frank W. McAllister,* Attorney-General, and *Lewis Hord Cook,* Assistant Attorney-General, for respondent.

(1) The information is drawn under Sec. 4656, R. S. 1909, and is sufficient in form and substance and follows the language of the statute. State v. Watson, 65 Mo 115; State v. Chissell, 245 Mo. 554; Kelley's Crim. Law and Procedure, sec. 187. (2) After the reading of the information to the jury, the prosecuting attorney, by leave of court, amended the information by striking out the word, "institution," and inserting in lieu thereof the word, "corporation." To this appellant objects because the court denied him a continuance on his application. We believe the information valid without the amendment. State v. Pullen, 81 Mo. 387; State v. Flora, 109 Mo. 295. Ownership of the bank, whether owned by a corporation, a copartnership or an individual, is not an essential element of the charge. The Hannibal Trust Company is the place alleged where the defendant uttered or passed the forged order and has to do only with the venue. Defendant could not possibly have been misled by the use of the word, "institution," instead of the amendment, "corporation." No rights of the defendant could have been violated by the alteration. Section 5115, R. S. 1909, provides that no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereunder be set aside,

or in any manner affected, because of any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.  It is not necessary to state in the information in any manner the name of the person to whom the forged instrument was uttered and the setting out that the order was passed "to the Hannibal Trust Company, a banking institution" is mere surplusage.  State v. Stewart, 61 Iowa, 203.  (3)  The proof shows that the notation "witness" was written on the order by Mr. Hickman, acting on behalf of the bank when the defendant presented the order at the Hannibal Trust Company.  Instruction number one sets out the order in the same manner that it is set out in the information with the exception of the omission of the word, "witness."  The word, "witness," as used in the information is an immaterial variance from the proof.  State v. Estes, 70 Mo. 427.  (4)  There is an error in the information consisting of the use of the word "and," instead of "an."  It is quite apparent that the error is a clerical one and did not in any manner "tend to the prejudice of the substantial rights of the defendant upon the merits."  This being true, the error did not render the indictment invalid.  Sec. 5115, R. S. 1909; State v. Morehead, 195 S. W. 1043; State v. Dubenick, 237 Mo. 185; State v. Griffin, 249 Mo. 627.  (5) Appellant was arraigned and waived the reading of the information and entered his plea of not guilty to the crime charged therein.  After the jury was sworn, the prosecuting attorney, by leave of court, amended the information as stated.  In his motion for a new trial, appellant objected because he was not arraigned to the amended information.  Under the authority of the cases cited, it is not necessary to set out in the information the corporate existence of the Hannibal Trust Company. Therefore, the information, as it stood before this amendment, is good and by the authority of State v. Dorgatz, 244 Mo. 227, no re-arraignment is necessary.  State v. Loesch, 180 S. W. 879.  (6)  The supplemental motion

for a new trial was invalid as it was filed out of time. Sec. 5285, R. S. 1909; State v. Simonsen, 263 Mo. 269.

WALKER, J.—Appellant was charged by information in the Hannibal Court of Common Pleas with having uttered and published as true a forged instrument with knowledge of the forgery as defined in Section 4656, Revised Statutes 1909, in order to obtain $805 of the property of Mary E. Lynch, with intent then and there to defraud. Upon a trial he was convicted and sentenced to two years' imprisonment in the penitentiary.

For many years prior to the time the offense is alleged to have been committed, October 28, 1918, Mary E. Lynch, a widow, had lived in Ralls County in the immediate neighborhood of the appellant. Sometime during the latter part of September, 1918, or about one month before the offense is alleged to have been committed, she removed to Frankford in Pike County. She was about 58 years of age, somewhat infirm and feeble in health. Her inability to write rendered it necessary in her correspondence and the transaction of other business, for her to depend upon others.

On the 10th day of October, 1918, a registered letter addressed to the prosecutrix at her former residence in Ralls County came into the possession of the appellant. It contained a check for $805 payable to Mary E. Lynch. Appellant signed for this letter and took possession of same. He then went to the Hannibal Trust Company and deposited the check in the name of Mary E. Lynch, the payee, by Willie Hascall. In so doing he stated to the cashier that he was to have the money, and upon being informed that he must procure written authority therefor he returned later with the following writing:

"October 28, 1918. I give Willie Hascall the right to use my money in any way he wants to. (Signed) Mary E. Lynch. Grace Fay. Willie Hascall."

The body of this instrument and the signature of Willie Hascall thereto were stated by the cashier to have been in the handwriting of the appellant.

When appellant brought the instrument to the bank the cashier wrote opposite the name of Grace Fay the word "witness" and endorsed on the back of same "Mary Lynch authority to Willie Hascall." Upon the receipt of this instrument the bank, as directed by the appellant, placed the amount of the check to his credit. The prosecutrix denies ever having given the appellant authority to act for her in this behalf or otherwise.

Appellant's contention that his utterance of the instrument in question was under the authority of the prosecutrix is supported by his testimony and that of the woman Grace Fay alone. He admits that the writing or order purporting to confer this authority was not executed nor had it been seen by the prosecutrix, but was framed and signed by himself and Grace Fay.

There was also testimony that when the prosecutrix resided in appellant's immediate neighborhood he had signed checks for her and had been accustomed to receive her mail. The jury gave no credence to appellant's testimony.

The charging part of the information is as follows:

"That Willie Hascall, on the——day of October, A. D. 1918, at the Township of Mason, County of Marion, did then and there unlawfully, feloniously pass, utter and publish as true to the Hannibal Trust Company, a banking corporation legally organized and existing under and by virtue of the laws of the State of Missouri, located and doing a general banking business, at Hannibal, Mason Township, Marion County, Missouri, *and* order which was falsely forged and counterfeit of the tenor as follows: 'October 28, 1918, I give Willie Hascall the right to use my money any way that he wants to. Mary E. Lynch. Witness: Grace Fay, Willie Hascall.'

"The signature of Mary E. Lynch on the order heretofore mentioned is not her signature and that said

Willie Hascall unlawfully and feloniously and knowing the signature to be false and a forgery did then and there utter, pass and publish at the Hannibal Trust Company above mentioned and did then and there unlawfully and feloniously and by means of said false and forged order obtain and get eight hundred and five dollars of the value of eight hundred and five dollars lawful money of the United States then and there being the property of Mary E. Lynch, with the intent then and thereby unlawfully, feloniously and willfully to injure, cheat and defraud, contrary etc.''

I.   It is contended that the trial court erred in permitting the prosecuting attorney, after the jury was sworn, to amend the information by striking out the word ''institution'' as the same appeared therein as a part of the designation of the character of the Trust Company and the insertion in lieu thereof of the word ''corporation.''   The averment as to the bank was not essential to charge the crime denounced by the statute.   The offense consists, as defined in Section 4656, Revised Statutes 1909, under the facts adduced, in the felonious uttering and publishing as true of the instrument described, with knowledge at the time that the same was false and forged, with intent to cheat and defraud Mary E. Lynch, etc.

The only pertinency of the averment as to the character of the bank would be to show how the falsely uttered instrument could effect a fraud.   That such allegation was not necessary is evident from the instrument itself as set forth in the information, which sufficiently discloses its apparent legal efficacy and hence its nature as calculated to defraud.   The averment, therefore, as to the bank was extrinsic (People v. Stearns, 21 Wend. (N. Y.) 409) and may be construed as surplusage. [State v. Harris, 209 Mo. 423; State v. Chissell, 245 Mo. 549.] Thus considered, the interlineation in no wise changed the nature of the charge, was not misleading and placed no burden upon the accused other than that imposed un-

*Information: Amendment.*

der the information as originally framed. Under such a state of facts there can be no tenable basis for a claim of prejudice.

We recently held in State v. Feeler, 284 Mo. 673, affirming a like rule announced in State v. Walton. 255 Mo. 1. c. 242, that such a change as is here complained of was permissible under our statute regulating amendments to indictments and informations. [Sec. 5061, R. S. 1909.]

Appellant cites in support of his contention our ruling in State v. Henschell, 250 Mo. 263. We there construed an information charging an offense against a corporation, and hence an averment as to its corporate character was necessary. Our ruling in State v. Samuels, 144 Mo. 68, in so far as it requires specific proof of an immaterial allegation, has been overruled by the Chissell case, supra.

State v. Jackson, 90 Mo. 156, holds to the contrary of appellant's contention.

In State v. Pierce, 136 Mo. 34, there is no ruling which by implication even can be said to sustain appellant's contention.

In State v. Patterson, 159 Mo. 1. c. 101, the crime was alleged to be the embezzlement of a company's money and its character, whether incorporated or not, was an essential averment. Not so here.

While it is true in a criminal charge that nothing must be left to intendment or implication, this rule must be construed as having reference to such allegations as are necessary to inform the defendant of the nature and cause of the accusation against him; and not to extrinsic matter the averment of which is unnecessary and if averred need not, as we said in the Harris and Chissell cases, supra, be proved. Nothing more than this was meant in State v. Meysenburg, 171 Mo. 1. c. 22, in which the ruling was in reference to the corporation from which the defendant was alleged to have received a gift or bribe. The materiality of the averment under such a state of

facts as to the nature of such person, whether natural or artificial, becomes apparent. That is not the case at bar.

In State v. Washington, 259 Mo. 335, the statute (Sec. 4643, R. S. 1909) upon which that prosecution was based expressly denounces the offense of forging, etc., certain evidences of debt, purporting to be issued *by an incorporated bank.* Thus it will appear that the statute rendered an averment of the character of the bank necessary in a prosecution thereunder. From all of which we hold that appellant's contention is devoid of merit.

II.    It is contended that the use of the word "and" instead of the word "an" in the information was error. This contention is trivial. The error clearly appears to have been clerical. It could not have misled or otherwise prejudiced the rights of the appellant.

Clerical Error.

The statute forbidding a reversal for an immaterial variance (Sec. 5114, R. S. 1909) may with reasonable propriety be applied as a sufficient answer to this contention. We said as much in State v. Witherspoon, 231 Mo. l. c. 717, and cases there cited.

III.    Appellant contends that instruction numbered one, which described the falsely uttered order, did not contain the word "witness" opposite the name of Grace Fay as in the information. The omitted word was endorsed on the order after it had been received by the cashier of the bank. It was therefore no part of the falsely uttered instrument and it might properly have been omitted from the information as well as the instruction. The alleged variance was, under the statute, not material to the merits of the case and hence not prejudicial. [State v. Carragin, 210 Mo. l. c. 371; State v. Sharpless, 212 Mo. l. c. 202; State v. Jackson, 221 Mo. l. c. 506; State v. Witherspoon, 231 Mo. 717; State v. Shirley, 233 Mo. l. c. 343; State v. Morehead, 271 Mo. 87.]

Variance.

IV.    The instructions given by the court on its own motion, numerically designated, are assigned as error. Instructions. Only instruction numbered one, which we have considered, is urged by the appellant in his brief as being improper.  An examination of the others discloses that they are drawn in conformity with approved precedents and we overrule the assignment of error in regard thereto.

V.    The complaint that the verdict of the jury was the result of prejudice finds no resting place in the record save in a so-called supplemental motion for a new trial.    An attempt to preserve errors in this manner is not authorized by our procedure.  The statute (Sec. 5285, R. S. 1909) requires a motion for a new trial to be filed within four days after the verdict of the jury or the finding of the court.  This we have uniformly held to be mandatory.  [State v. Simenson, 263 Mo. Motion for 1. c. 269; State v. Maddox, 153 Mo. 471.] New Trial: Supplementary. The supplemental motion for a new trial was not filed until more than thirty days after the return of the verdict.  Errors assigned therein are therefore not so preserved as to authorize a review of same.  [State v. Brooks, 92 Mo. 1. c. 592.]

VI.    The prosecuting attorney in reading the falsely uttered order to the jury was directed by the court to omit the word "witness" opposite the name Reading False of Grace Fay as the same appeared in the Order to Jury. information.  We have heretofore disposed of this contention adversely to the appellant in holding that the word omitted was no part of the order charged to have been falsely uttered.  It was therefore surplusage and the court did not err in directing that it be not read.  The technical rule (1 Whar. Cr. Ev. (10 Ed.) p. 322) cited by appellant to sustain his contention is not applicable in this behalf under our liberal procedure, which, as we have shown, has express statutory sanction.

VII.    Error is assigned in the court permitting the trial to proceed without the re-arraignment of the appel-

lant after the prosecuting attorney had been permitted to substitute the word "corporation" for that of "institution" in the information. We have heretofore incidentally disposed of this complaint in holding that the change or interlineation was immaterial. If of this character, it is idle to contend that a failure to re-arraign appellant was error. Presenting, as the information did, the same charge after as before the interlineation was made, and the appellant having prior to the change formally announced ready and thereafter participating in the trial he will not be heard to contend that he had not been arraigned. We so declared in State v. Loesch, 180 S. W. 1. c. 879, following State v. O'Kelley, 258 Mo. 356, to which cases the curious may refer for more elaborate reasons as to the conclusion reached. We have no hesitancy in saying, as was said in the O'Kelley case, that this contention, in view of the language and evident purpose of the statute (Sec. 5165, R. S. 1909), is "a bald technicality and without merit."

*Arraignment.*

VIII. Under no reasonable construction of the testimony can it be held that a demurrer to the testimony should have been given. There was, in our opinion, ample evidence of the appellant's guilt. His testimony to the contrary, supported alone by the witness Grace Fay, was not believed by the jury. They chose to believe the witnesses for the State. This was clearly within their province; the record disclosing no reason why we should invade it, the judgment is affirmed.