THE STATE v. GEORGE BUTLER, Appellant.

Division Two, December 20, 1926.

**1. ROBBERY: Information.**   An information charging that defendant, with force and arms, in and upon another, unlawfully and feloniously did make an assault, and thirty-seven dollars, the money and personal property of such other, from the person and against the will of such other, by force and violence to the person of such other and by putting such other in fear of immediate injury to his person, feloniously did rob, steal and carry away, is a sufficient charge of robbery in the first degree.

**2. ———: Verdict.**   A verdict finding defendant "guilty of robbery in the first degree as charged in the information" and assessing "his punishment at five years in the penitentiary" is sufficient, where the information charges robbery in the first degree.

Corpus Juris-Cyc. References: **Robbery,** 34 Cyc., p. 1802, n. 38; p. 1808, n. 78; p. 1811, n. 95.

Appeal from Jackson Circuit Court.—*Hon. Nelson E. Johnson,* Judge.

AFFIRMED.

*Ed. E. Aleshire* and *George Hornecker* for appellant.

*North Todd Gentry,* Attorney-General, for respondent.

RAILEY, C.—On September 21, 1925, the Assistant Prosecuting Attorney of Jackson County filed in the Criminal Division A of the Circuit Court of Jackson County, a verified information, which, omitting formal parts, reads as follows:

. "Now comes Alpha N. Brown, Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the court that John D. Ingram and Geo. Butler, whose Christian name in full is unknown to said prosecuting attorney, late of the county aforesaid, on the 7th day of September. 1925, at the County of Jackson, State of Missouri, with force and arms, in and upon one Joe Fotivez unlawfully and feloniously did make an(d) assault, and thirty-seven dollars of the good and lawful money of the United States, of the value of thirty-seven dollars, the money and personal property of the said Joe Fotivez, from the person and against the will of said Joe Fotivez then and there, by force and violence to the person of the said Joe Fotivez and by putting

the said Joe Fotivez in fear of an immediate injury to his person, feloniously did rob, steal and carry away; against the peace and dignity of the State.''

Defendant was arraigned, entered a plea of not guilty, was granted a severance, and on October 20, 1925, after a trial before a jury, the following verdict was returned:

"We, the jury, find the defendant George Butler guilty of robbery in the first degree as charged in the information and assess his punishment at five years in the penitentiary at five years.''

Thereafter motions for a new trial and in arrest of judgment were filed and overruled. On November 2, 1925, allocution having been granted, judgment was rendered, sentence pronounced in conformity with said verdict, and an appeal allowed defendant to this court.

The trial court appointed counsel for defendant, who represented him in the trial, and who have filed in this court type-written briefs, but have not made a statement of the facts. Counsel for respondent have made a full and fair statement, however, which reads as follows:

"The State's evidence was to the effect that the prosecuting witness, Joe Fotivez, was a day laborer; that he was living at the Portland Hotel on Main Street in Kansas City, Missouri; that he had been working on a pipe line and had recently been paid his wages; that on the 7th day of September, 1925, he was sitting on the sidewalk at the corner of Sixth and Main Streets, Kansas City, Missouri, at the noon hour; that forty or fifty other men were sitting along the sidewalk at this place, it being the custom of laborers in that vicinity to sit there during the noon hour; that while the prosecuting witness was sitting on the sidewalk smoking, the defendant, George Butler and his co-defendant, Ingram, came up behind the prosecuting witness and took hold of him, Ingram holding him while the defendant Butler cut open the pocket of the prosecuting witness with a knife and took his pocketbook which contained $37 in money; that the prosecuting witness cried out that he was being robbed, and the defendants ran away, followed by the prosecuting witness and a large number of the men who had been sitting along the sidewalk with the prosecuting witness; that the defendants were overtaken within two or three blocks and were caught on the second floor of a building at the head of a stairway, where there was located a public closet; that they brought the defendant down to the sidewalk and someone telephoned for the police. An officer came and found the defendants in charge of some of the by-standers, who told the officer that they had caught them at the head of the steps; that the officer then went up to the place where the defendants had been caught and found just inside the door of the closet the pocketbook containing $37; that the prosecuting witness in the presence of the officer identified the

pocketbook and money as belonging to him and also identified the defendants as the men who had robbed him.

"Another witness was sitting in an automobile across from the place where the prosecuting witness was robbed; he testified that he saw two men come up behind the prosecuting witness and take hold of him; that he thought it was only a playful scuffle until he heard the prosecuting witness crying out that he was being robbed; that he saw the defendants run away, followed by the prosecuting witness and others; that the defendant Butler, then on trial, was one of the men he saw scuffling with the prosecuting witness.

"The defendant's evidence consisted of the testimony of the co-defendant, Ingram, and the defendant, Butler. Ingram testified that he did not know the defendant Butler, and that he had never seen **him** at any time until both of them were arrested on the street. The defendant testified that he had been working at different places in Kansas, and that he came to Kansas City on Friday before Labor Day for the purpose of finding a job; that he stopped at the Helping Hand Hotel; that on Labor Day, the day of the robbery, he left his hotel about eight o'clock in the morning and went up to the neighborhood of Twelfth and Main and stood around there until the labor parade passed by; that after watching the parade he walked out eight or nine blocks on Pennsylvania Avenue, looking for a room, and that he walked back on the opposite side of the street; that when he came to Eighth Street he saw a mob of men with pistols and knives coming down the street, and that he stepped aside to let the crowd go by, but that instead of going by some of them arrested him and charged him with this robbery; that he did not know the co-defendant Ingram and never had seen him before the day of the arrest; that he did not know the prosecuting witness and was not guilty of the crime charged against him.

"The defendant offered a demurrer to the evidence at the close of the State's case, which was overruled by the court. Again at the close of all the evidence the defendant offered a demurrer which was also overruled by the court."

The remaining questions necessary for the consideration of the case will be disposed of in the opinion.

I.   Defendant's motion in arrest of judgment challenges the sufficiency of the information heretofore set out. Counsel for appellant in their brief have raised a number of hypercritical, technical questions, in regard to the information, but they are devoid of the slightest merit, as the above information has been approved and followed in many of our decisions, some of which are as follows: State v. Newland, 285 S. W. 401; State v. Deviney,

**Information.**

278 S. W. 728; State v. Strada, 274 S. W. 34; State v. Brazel, 270 S. W. 273; State v. Affronti, 238 S. W. 106; State v. Huffman, 238 S. W. 430; State v. Massey, 274 Mo. 584, 204 S. W. 541; Sec. 3307, R. S. 1919.

II. Counsel for appellant criticise the verdict of the jury, and charge that it does not find defendant guilty of any known crime. It is heretofore set out, and speaks for itself. The information properly charged defendant with robbery in the first degree. The jury, **Verdict.** by their verdict found "defendant George Butler, guilty of robbery in the first degree as charged in the information" etc. The verdict is based on Section 3307, Revised Statutes 1919, follows the information, and is sufficient in every particular. This assignment is trivial and not worthy of serious consideration.

III. The court is charged with error in overruling defendant's demurrer to the evidence at the conclusion of the case. No facts are set out in support of this contention. On the other hand, the evidence previously set out is clear and direct as to defendant's guilt, and fully sustains the verdict rendered in this cause. [State v. Friedman, 280 S. W. 1026; State v. Renfro, 279 S. W. 704, and cases cited; State v. Mann, 217 S. W. 59; State v. Jackson, 283 Mo. 24, and cases cited.] The above assignment is likewise overruled.

IV. The instructions given by the court were not objected to at the trial. A demurrer to the evidence at the conclusion of the case was the only instruction asked by defendant, and this was properly refused for the reasons heretofore stated. We have carefully examined the instructions given by the court and find that they properly declare the law of the case and fully protected the rights of defendant. We find no errors of the court during the progress of the trial in admitting or excluding evidence. The defendant received a fair and impartial trial, without any reversible error having been committed against him. He was convicted on substantial evidence.

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of Railey, C., is adopted as the opinion of the court. All of the judges concur.