THE STATE v. DAVE KANER, Appellant.—93 S. W. (2d) 671.

Division Two, April 23, 1936.

H. P. *Lauf* and *John O. Bond* for appellant.

*Roy McKittrick*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

BOHLING, C.—Dave Kaner (appellant) and Sol Grupper were jointly indicted for robbery in the first degree by means of a dangerous and deadly weapon. Sol Grupper was granted a severance. Dave Kaner was tried first and found guilty, his punishment being assessed at ten years' imprisonment in the State penitentiary. He appeals.

The prosecuting witness, Albert Weiss, had conducted a jewelry business for a number of years, and on April 25, 1933, was engaged in such business at 4417 South Kingshighway, St. Louis City, Missouri. Weiss testified that appellant, whom he identified at the trial, first entered his jewelry store between nine-thirty and nine forty-five A. M. on April 25, 1933, and bargained with him concerning the purchase of a ring to be set with a small diamond. After agreeing upon a price, appellant stated he would make a down payment of $5 that evening and pay so much per week until the purchase

price was paid. As appellant was leaving, Weiss asked him his name and appellant replied "Graydon;" and, with Weiss continuing to look at him, stated "maybe it was Gradinsky once upon a time." Appellant told Weiss he was in the wall paper business and was then working on Sutherland Avenue. Weiss had his suspicions aroused and, when appellant left, went to the door and observed appellant enter a Chevrolet coupe, occupied by another man, some distance from the store. He watched the Chevrolet and, seeing it turn into Sutherland Avenue, his suspicions were allayed. Weiss then went to the rear of his store and in a short time saw another man, later identified by him as Sol Grupper, walking past the store. Soon thereafter appellant entered, stating he had decided not to wait until night to make his deposit on the ring. Appellant made some complaints about the price of the ring, and, upon stating he would take it, turned sideways and placed his hands in his pocket and stood that way a short time. Defendant Grupper then entered, pulled a gun from his pocket and told Weiss to keep quiet. Grupper marched Weiss back of a partition in the store and Weiss heard someone "rifling" his safe. Grupper had his gun on Weiss and, searching Weiss, took about $73, his ring and watch. Grupper then asked the other party if he was ready and received an affirmative answer. Weiss then saw appellant come from his safe and walk out. Defendant Grupper then made Weiss lie down on the floor, instructing him to remain there ten minutes, and then Grupper left. The total value of the property taken was approximately $1173.

Appellant denied any connection with the crime and offered witnesses to establish an alibi. This evidence, if believed by the jury, justified an acquittal.

■ Appellant contends the indictment fails to charge an offense. The indictment, in so far as material, alleged that the defendants ". . . in and upon one Albert Weiss feloniously did make an assault; *and* the said Albert Weiss in fear of immediate injury to his person, then and there feloniously did put," etc. Appellant (relying on the rule that nothing may be left to intendment or implication in indictments and informations, citing State v. Anderson, 298 Mo. 382, 390, 250 S. W. 68, 70(1) and other cases) contends the effect of "; *and*" was to make Albert Weiss the subject of all further action alleged in the indictment; that is, that Albert Weiss feloniously did put himself in fear of immediate injury to his person, etc. The assignment is hypercritical, technical and without substantial merit. Under the old common law many offenses subjected the prisoner to the death penalty, and courts, out of considerations of humanity, required a definiteness, precision and completeness of statement that would defy the ingenuity of astute counsel that defendants be not punished beyond their just deserts. The reason for

the rule has long ceased to exist; and, as reason is the life of the law and courts should in some measure keep pace with the progress of civilization [Ex parte Keet (en banc), 315 Mo. 695, 700, 287 S. W. 463, 465], by legislation [See Sec. 3563, R. S. 1929, Mo. Stat. Ann., p. 3160; Sec. 3508, R. S. 1929, Mo. Stat. Ann., p. 3131] and by judicial interpretation, within the permissible limits, the technical accuracy exacted by the common-law rules of pleading (in instances, tending to confuse rather than clarify) have been relaxed in many respects [see annotations to foregoing sections]. The common-law rule that a criminal charge must leave nothing to intendment or implication [State v. Anderson, supra] had reference to allegations necessary to inform a defendant of the nature and cause of the accusation [State v. Hascall, 284 Mo. 607, 615, 226 S. W. 18, 20(2); State v. Wilson (Mo.), 237 S. W. 776, 777(1)]. The function served by the ";" in the indictment was the separation of major sentence elements with more directness than by a ",". While the use of a "," is the more approved form when the connective "and" is used, the context of the instant indictment, gathered from reading it as a whole, informed appellant of the nature and cause of the accusation notwithstanding the clerical or typographical slip substituting the ";" for a ",". The indictment charged a statutory offense [Sec. 4058, R. S. 1929, Mo. Stat. Ann., p. 2586] and apparently was adapted from the information in State v. Reich, 293 Mo. 415, 421, 239 S. W. 835, 836(1). It follows, with the exception of the ";", the indictments approved as to form and substance in State v. Faudi (Mo.), 11 S. W. (2d) 1014(1), and State v. Wallace (Mo.), 278 S. W. 663(1). [See, also, State v. Boone (Mo.), 289 S. W. 575, 577(2), and cases cited; State v. Butler, 316 Mo. 264, 289 S. W. 636, 637(1), and cases cited; State v. Holmes (Mo.), 289 S. W. 904, 906 (1), and cases cited.] "Bad punctuation will not vitiate an indictment." [31 C. J., p. 658, n. 62; Ward v. State, 50 Ala. 120, 122(2), discussing a ";".]

Appellant assigns as error the court's refusal to sustain his demurrer at the close of the case because, he contends, the overwhelming weight of the evidence established his alibi. Weiss' identification of appellant was positive and was based upon his personal observation of appellant's looks, his walk, complexion, size, height, voice, etc. Had it been less positive, it still would have been sufficiently substantial to submit the issue to the jury (whose duty it was to determine its weight and value), and sustain the verdict of guilty [State v. Blackmore, 327 Mo. 708, 715(1), 38 S. W. (2d) 32, 34(1), and cases cited], which settled the conflict between the State's and appellant's evidence on the issue [State v. Johnson (Mo.), 55 S. W. (2d) 967, 968(2); State v. Willis (Mo.), 37 S. W. (2d) 407, 408(3); State v. Simmons, 332 Mo. 247, 252(1), 58 S. W. (2d)

302(2)]. State v. Copeland, 335 Mo. 140, 148(2), 71 S. W. (2d) 746, 751(7) states: "The trial court alone is empowered to set aside a verdict on the ground that it is against the weight of the evidence." [See, also, State v. Evans, 334 Mo. 914, 918(1), 68 S. W. (2d) 705, 707(1); State v. Miller (Mo.), 12 S. W. (2d) 40, 42(7); State v. Simmons, supra.]

■ .Appellant's motion for new trial attacks each of the several given instructions in separate paragraphs with like allegations; to-wit: "Because the court erred in giving to the jury instruction No. [setting forth the number], said instruction being misleading and a misstatement of the law, and a misapplication of the law as applied to the facts and evidence, and assumes the guilt of the defendant, and further, is based upon facts not in evidence, is argumentative and inconsistent with all instructions given by the court." The assignment does not point out wherein said instruction (as alleged in the assignment) is misleading, or misstates or misapplies the law as applied to the evidence, or assumes appellant's guilt, or is based upon facts not in evidence, or is argumentative or in conflict with any other given instruction, and, if so, which instruction and where-in the conflict exists. Viewing such assignments in a favorable light to appellant, the assembling of a number of general assignments against an instruction within a single paragraph or sentence is not a compliance with the statutory requirement that motions for new trial in criminal cases "must set forth in detail and with particularity in separate numbered paragraphs, the specific grounds or causes therefor" [Sec. 3735, R. S. 1929, Mo. Stat. Ann., p. 3275], which requirement of law and our rulings thereunder counsel should heed. The assignments here under consideration would necessitate a search of the pleadings, evidence and instructions on the part of the court to ascertain whether or not the given instruction or any part of said instruction may be subject in any particular to any of the several general complaints embraced within the sentence attacking said instruction; and, if so, to speculation on the part of the court as to whether or not counsel had the specific error in mind at the time of the drafting of said motion (impossible of definite determination under the record). This, under the statute, the court is not required to do. [State v. Martin (Mo.), 56 S. W. (2d) 137, 140(10).]

■ Counsel representing appellant in this court did not represent him in the trial court; and contend, in their brief, that instructions 2 and 3 ignore appellant's alibi defense, and conflict with Instruction 4. The assignment is further developed: The indictment charged the offense was committed on April 25, 1933. The evidence established its commission on the morning of said date. Appellant's evidence establishing an alibi was directed to proving his presence

at an apartment on said morning, although it also embraced his presence there during the working hours of the 25th and 26th. The court gave Instruction No. 4, an alibi instruction, authorizing an acquittal if the jury had a reasonable doubt of defendant's presence "at the time and place where said crime was committed;" but in instructions 2 and 3 permitted the jury to find defendant guilty if they believed the offense was committed "on or about the 25th day of April, 1933, or at any time within three years next before the filing of the indictment. . . ." Respondent's brief apparently concedes merit in this contention. This specific contention is not set forth in detail and with particularity in appellant's motion for new trial. In State v. Mason, 322 Mo. 194, 206(d), 14 S. W. (2d) 611, 617(15), we said: "It is finally said that Instruction 2 is error, because it is in conflict with Instruction 9, given on behalf of the State, and also because it is in conflict with instructions 11 and 12, given on behalf of defendant. In order to permit us to consider assignments of this nature, the assignments should set forth wherein a conflict exists. Consequently the assignment is not sufficient to comply with the mandate of Section 4079, page 198, Laws 1925 [now Sec. 3735, supra]." [See, also, State v. Dollarhide, 337 Mo. 962, 87 S. W. (2d) 156, 157(2), which discusses the case of State v. Kuebler (Mo.), 14 S. W. (2d) 449, 451(6) mentioned in appellant's brief.] The trial court was not called upon to review its action on the instant issue, and the contention first disclosed in appellant's brief is not for appellate review. [State v. Barbata, 336 Mo. 362, 375(4), 80 S. W. (2d) 865, 873(9), and cases cited.] State v. Standifer, 316 Mo. 49, 54, 289 S. W. 856, 858, states: "The bar should take notice and the trial bench may rest assured that this court is prepared to and will enforce the manifest legislative intent in all appeals in criminal cases where the motions for new trial were filed after new Section 4079 [Sec. 3735, supra] went into effect." Nor is the fact that the State concedes error binding upon this court [State v. Tipton, 307 Mo. 500, 519(V), 271 S. W. 55, 61(V)]. A presumption of right action on the part of the trial court attends on an issue of this nature in the absence of an affirmative showing of error; and it is to be presumed that the trial court considered the assignments in the motion for new trial insufficient to present the specific issue first disclosed in appellant's brief filed in this court.

Other assignments in the motion for new trial are not mentioned in appellant's brief. We have examined them, and find them without merit. One complains of a statement attributed to the prosecutor in his argument: "If the defendant's alibi was honest, why has he continued to hide it up until the trial?" However, no reason is assigned for its impropriety. From the record the prosecutor was answering the argument of counsel for appellant that "this

978

is a perfect alibi.'' In his objection, appellant's counsel stated the defense had not been concealed, the length of time given the State to investigate the alibi, and also that the investigation was made with the assistance of appellant. In ruling, the trial court stated appellant's objection would have been sustained if appellant had not given, in his objection, his version of the situation in the nature of an argument. We find no error in the occurrence. [See State v. Lynn (Mo.), 23 S. W. (2d) 139, 141 (1-4); State v. Pinkston, 336 Mo. 614, 617 (2), 79 S. W. (2d) 1046, 1048 (3); State v. Stark, 72 Mo. 37, 39.]

Finding no error in the record proper, the judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.