**STATE of Missouri, Respondent,**

v.

**Emanuel ANDREWS, Appellant.**

No. 46333.

Supreme Court of Missouri,
Division No. 2.

Feb. 10, 1958.

W. H. Howery, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

Emanuel Andrews has been found guilty of robbery in the first degree by means of a dangerous and deadly weapon and sentenced to twenty years' imprisonment.

The information appropriately charges that on the 26th day of November, 1956, Emanuel feloniously made an assault upon Ella Walton with a dangerous and deadly weapon, an automatic pistol, and by force and fear took her purse of the value of $2 and money in the sum of $18.63. V.A. M.S. §§ 560.120, 560.135; State v. Perry, Mo., 233 S.W.2d 717. The defendant was represented by counsel, he was present throughout the trial, and after the verdict there was allocution and a sentence of twenty years' imprisonment. V.A.M.S. §§ 560.135, 546.550, 546.560. There are eight assignments of error in his motion for a new trial, five of which are directed to the contention that the evidence is insufficient to support a conviction of robbery in the first degree, and three of which are directed to other matters.

■ One of the latter is an objection that the court erroneously and prejudically permitted a witness to give hearsay testimony concerning the pocketbook the appellant took from the prosecuting witness, in substance, "Laverne told me that Emanuel had robbed someone and gave it to her." Aside from the failure of the . motion to point out this incident, we are unable to find it in the record. It probably refers to the testimony of Dorothy Hazel Taylor who was a roomer in the four-room apartment occupied and probably rented by Laverne Johnson and the appellant Andrews. She testified that she had seen the keys also taken in the robbery, in "their bedroom"—that Emanuel had offered her, the witness, the key chain. She was present when the officers searched the apartment and found the pocketbook in the clothes closet. In addition, Laverne, without objection, testified that Emanuel came in one night and gave her the pocketbook which she identified. Subsequently

Emanuel told her that she (Laverne) knew "the lady the pocketbook belongs to" and "that when he snatched a pocketbook the lady looked at him and said, 'You poor thing you.'" In connection with this assignment it is said that a remark was made before the jury "with regard to the danger of allowing defendant to be freed and in society with white female citizens." The argument of counsel was not set forth and careful examination of the record does not reveal any such occurrence and, of course, the assignment in the motion does not prove itself.

■ Another of the latter assignments is that "all of defendant's witnesses were not called to testify in his behalf." Again, aside from the general insufficiency of the assignment, there is nothing in the record to support the claim. At the conclusion of the state's case the defendant called two witnesses who testified, there is nothing to indicate that he had subpoenaed or asked to call other witnesses, or that he asked for a delay of any kind or that other witnesses were present, and, after his last witness had testified his counsel said, "That is the defendant's case, Your Honor." In these circumstances the trial court did not err. State v. Maupin, 196 Mo. 164, 93 S.W. 379; V.A.M.S. § 545.360.

■ The third of these latter assignments is that the court erred in giving the jury instructions eleven and twelve, twelve being a new or another form of verdict, which informed the jury that if they agreed upon a verdict of guilt but were unable to agree on the punishment to be inflicted the court would assess the punishment. The appellant does not object to this well-known procedure (V.A.M.S. § 546.440) but insists that the instruction and verdict form conflict with a previously given instruction which told the jury if they found the defendant guilty of robbery, as charged, to also assess his punishment. The assignment is in itself unique. Instruction nine was not in point of fact an instruction, it was a form of verdict and instruction

628

twelve was another form of verdict which modified but did not conflict with the previous form. The fact was that the jury ignored the appellant's two prior charged and shown robbery convictions and only found him guilty of the specific offense charged and the penalty inflicted was reasonably within the permissible limits of the death penalty and the minimum of five years' imprisonment. V.A.M.S. § 560.125.

The facts were that Ella Lee Walton operated a cleaning and pressing shop at 1616 Lydia, and she and her twelve-year-old niece, Ruthie Mae Nolden, lived in the rear of the shop. On November 26, 1956, Ella and Ruthie Mae were eating supper, "before 6," when she heard the front door open and, thinking there was a customer, she went through the curtained door to the front of the shop. There were two men, a tall one and a short one, with handkerchiefs over the lower half of their faces. One of the men said, "Holdup." Ella said she didn't pay too much attention, thought she knew him, and replied, "Oh, baby, I don't have anything," and "Why do you want to do this." The man said, "I'm not playing, this is a holdup." Then she saw the gun in his right hand, pointed at her, and "so I stopped." The man walked by her, through the curtains into the back room and Ruthie Mae said "he backed to the bed" and took Ella's pocketbook. When he came out of the back room he had the pocketbook "like this (indicating)" and "caught me by the arm and pushed me, slung me back through the door and said, 'Don't put your head out, you will get it shot off.'" Two weeks later the appellant came to her place of business and attempted to sell her another pocketbook but she said, "I don't deal in that stuff, I know, I had one like that, remember?" On two other occasions he called her on the telephone, she recognized his voice (State v. Ransom, 340 Mo. 165, 100 S.W.2d 294), and asked if she got held up and told her that he had found her car keys—"Just on Eighteenth Street"—and was able to trace the keys because the key chain also had her auto-

mobile license plate number attached. Detectives arrested the appellant on December 16th and in a police "showup" Ella picked him out of three men and again positively identified him as the man who had "held her up" and took her purse and money on November 26th. She not only identified him by his "eyes and eyebrows" but by his voice and by his clothes. The weight and credibility of her identification were for the jury (State v. Gerberding, Mo., 272 S.W.2d 230), in many respects she was corroborated by other circumstances, and, in the circumstances, who could possibly question the sufficiency of the evidence to sustain the conviction? State v. Foster, Mo., 249 S.W.2d 371.

The defendant's two witnesses sought to establish an alibi, one, Maurice Jackson, said that Emanuel called him in the afternoon of November 26th and "asked me would I take him and Laverne to (singing) rehearsal." He said, "I told Emanuel I would pick him up at 5:45 or a quarter to six, 5:45 or 6 o'clock." He said, "Yes, I carried Emanuel there * * * twenty-five something Woodland" but the witness did not stay for the rehearsal. The rehearsal was at the home of Dorothy Adams and she not only remembered Emanuel's being there but had a record of the fact, a book in which she recorded "everything we do and everything we say and all our money" and that record recites "No. 3, Solo, Emanuel Andrews." But as to when Emanuel arrived she said "about 7 o'clock." The credibility, weight and persuasiveness of his alibi evidence, as with all the evidence, was for the jury—it was certainly not conclusive. 77 C.J.S. Robbery § 47(d), p. 506; State v. Kaner, 338 Mo. 972, 93 S.W.2d 671. As indicated, the state's evidence is sufficient to sustain the finding of guilty of robbery with a dangerous weapon and accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

STORCKMAN, P. J., EAGER, J., and HUNTER, Special Judge, concur.

LEEDY, J., not sitting.