**STATE of Missouri, Respondent,**

v.

**Lucius HOUSE, Appellant.**

No. 48599.

Supreme Court of Missouri,

Division No. 1.

Oct. 9, 1961.

Hugh J. White, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

By an amended information, defendant was charged under the Second Offense (Habitual Criminal) Act in the Circuit Court of the City of St. Louis with the crime of robbery in the first degree by means of a dangerous and deadly weapon. A jury found him guilty of robbery as charged and the trial judge, upon the hearing of evidence out of the presence of the jury in accordance with the provisions of Section 556.280 RSMo 1959,[1] V.A.M.S., found that he had been priorly convicted of felonies pleaded in the information and assessed his punishment at imprisonment in the State Penitentiary for a term of 15 years. He has appealed from the judgment and sentence imposed in accordance with the verdict and the punishment assessed by the court. Although represented by court-appointed counsel at the trial, no brief has been filed in his behalf in this court. We, therefore, review all valid assignments of error set forth in any *timely* filed motion for new trial as required by S. Ct. Rule 27.20 and the portions of the record as required by S.Ct. Rule 28.02, 4 RSMo 1959, V.A.M.R.

■ The record reveals, however, that no *timely* motion for new trial was filed. S.Ct. Rule 27.20, insofar as material, states: "* * * Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion." 4 RSMo 1959, p. 4923, V.A. M.R. The verdict of the jury was returned and defendant's punishment was assessed on September 21, 1960. On September 26,

1. All statutory references herein are to said revision unless otherwise indicated.

1960, defendant was allowed "thirty (30) days in all" to file motion for new trial. However, the motion was not filed until November 7, 1960, which was 47 days after return of the verdict and 42 days after the court allowed defendant "thirty (30) days in all" in which to file it. The provisions of the rule are mandatory and the court is, therefore, precluded from consideration of the errors therein alleged. State v. Lyscio, Mo., 95 S.W.2d 1161, 1162; State v. Kenton, Mo., 298 S.W.2d 433, 434; State v. Parker, Mo., 310 S.W.2d 923, 924. We have, however, noted that the sole assignments are: (1) that the verdict was against the weight of the evidence in that the identification of defendant as a participant in the robbery was not sufficient to support his conviction; and (2) denial of defendant's motion for acquittal filed at the close of all of the evidence, which motion was predicated upon the grounds set forth in the first assignment. If there was substantial evidence to support a finding of defendant's guilt as charged in the amended information, the foregoing assignments could have no merit. State v. Archer, Mo., 328 S.W.2d 661, 666.

■ The evidence in behalf of the State warrants a finding by the jury of the following facts: On and prior to June 27, 1960, Thomas Morris owned and operated a confectionery business, known as Morris Confectionery, located at 4207 North Euclid, in the City of St. Louis. On the night of June 27, 1960, Eugene Davis, his employee, was in charge thereof. At about 10:10 p. m., two negro men, unmasked, later identified by Davis as William House and defendant, Lucius House, came into the store. William purchased a small amount of merchandise and tendered payment therefor. As Davis opened the cash register to place the money therein, defendant pointed a .38 caliber revolver at Davis and told him to "back up". Both defendant and William thereupon took money, $75 to $150, from the cash register. Defendant then took a billfold, wrist watch, ring, .32 caliber pistol and $2.75 from the person of Davis,

forced him into a back room and there placed a gag in his mouth, bound his arms and legs and forced him to lie face downward upon the floor. These men then took other merchandise from the store and were heard by Davis to depart through the front door. During the progress of the robbery, Davis obtained a good view of both of the robbers. Upon their departure from the store, he made complaint to the police. On July 1, 1960, following the arrest of William and defendant, both were viewed by Davis in police "showups" and by him were positively identified as the men who had robbed the store on the night of June 27. During further investigation of this robbery, the defendant and the police went to defendant's home where the police, acting upon information given them by defendant, found two pistols and several rounds of ammunition. It seems to be defendant's contention that said pistols and ammunition belong to William. Defendant's wife testified at the trial as a witness in defendant's behalf that these pistols and ammunition were found at William's home following William's arrest and that they had been brought, with other of William's personal effects, to the home of herself and defendant Lucius for safekeeping. Davis identified one of the pistols as the one taken from him by defendant and the other pistol as being "like" the one used by defendant during the robbery. Davis also pointed out and unqualifiedly identified defendant at the trial as one of the robbers. Defendant did not testify. The evidence was clearly sufficient to support a finding of defendant's active participation in the robbery of which he was convicted. State v. Kaner, 338 Mo. 972, 93 S.W.2d 671, 673; State v. Andrews, Mo., 309 S.W.2d 626, 628; State v. Sarten, Mo., 344 S.W.2d 1, 7.

The information is in due form. The verdict is responsive to the issues and within the range of punishment fixed by law, Sections 560.120, 560.135. The record does not show formal arraignment in the form prescribed by S.Ct. Rule 25.04, but it does show that following appointment of counsel to represent him, defendant "pleads not

guilty" and that thereafter the cause without objection was tried in due course as though he had been formally arraigned. Consequently, no reversible error appears in that respect. S.Ct. Rule 25.04, 4 RSMo 1959, p. 4916, V.A.M.R. The record further shows that defendant and his counsel were present throughout all stages of the trial and after-trial proceedings, that defendant was granted due allocution and that the judgment and sentence are in due form of law.

The judgment is affirmed.

All concur.