**STATE of Missouri, Respondent,**

v.

**John WILLIAMS, Appellant.**

**No. 49964.**

Supreme Court of Missouri,
Division No. 2.
March 9, 1964.

**134** 

Jack L. Koehr, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Carl R. Gaertner, Special Asst. Atty. Gen., St. Louis, for respondent.

STORCKMAN, Presiding Judge.

This is an appeal from a conviction of robbery in the first degree by means of a dangerous and deadly weapon. The court found that the defendant had been convicted of a prior felony and assessed punishment at imprisonment for ten years. The defendant was sentenced accordingly after his motion for new trial was overruled.

█ The appeal is before us on the transcript of the record and the brief of the state. Since no brief has been filed by the defendant, our appellate review extends to all assignments of error properly preserved in the motion for new trial and the essential portions of the record. S.Ct. Rules 27.20 and 28.02, V.A.M.R.; State v. Todd, Mo., 372 S.W.2d 133, 134 [1].

█ The first assignment of error is that the trial court erred in overruling the defendant's motion for judgment of acquittal offered at the close of the entire case. The evidence favorable to the verdict tends to prove that on July 12, 1962, Frieda Zide was in charge of a grocery store operated by her and her husband, Sam Zide, at Shreve and Lee in St. Louis. At about ten minutes after noon, two negro men, who were later identified as the defendant and one Solomon Collor, entered the store. Collor produced a gun and said this is a stickup. The defendant went to the cash register and started banging on it with his hand and demanded, "Open this damn register." Neither man wore a mask nor had his face covered in any way. The defendant took over $500 from the cash register and Collor placed the gun against the back of a bakery delivery man who was in the store and took his money also. The two men were in the store for approximately five minutes. Mrs. Zide called the police immediately after they left, and the

delivery man observed the direction in which they went.

On the same day, at about the same time, Mary Ann Berry, who lived nearby, observed an orange and white Pontiac automobile parked in the alley behind her house in such a position that it blocked traffic. As she watched the car, she heard running footsteps in the alley and saw two men go past the back of her house, get in the car and drive away. She saw one of the men well enough that she was able to identify him as Solomon Collor three days later in a lineup in a police station. Two days after the robbery, police officers arrested the defendant together with Solomon Collor while they were riding in a white and red Pontiac automobile belonging to the defendant. The latter color was variously described by witnesses as an orange, red or rust color.

Mrs. Zide picked the defendant and Collor out of a police lineup which included two or three other men of similar age, build and appearance. She identified them as the men who had robbed the grocery store and again identified the defendant as one of the robbers at the trial. Solomon Collor was jointly indicted with the defendant but was tried separately. The evidence above related was substantial and clearly sufficient to justify the jury in finding beyond a reasonable doubt that the defendant was an active participant in the robbery. State v. House, Mo., 349 S.W.2d 928, 929 [3]; State v. Martin, Mo., 347 S.W.2d 680, 681 [1]; State v. Thompson, Mo., 299 S.W.2d 468, 474 [16]; State v. Hagerman, Mo., 244 S.W.2d 49, 53 [7].

■ The next assignment of error is that the court erred in giving instruction No. 5 defining reasonable doubt. The instruction is in the form approved numerous times by this court in criminal cases. Nevertheless, the defendant contends that the instruction "interferes with the established legal principle that the factual existence of a reasonable doubt within the evidentiary proof of guilt, by and of itself,

is sufficient basis for an acquittal, and * * * creates the inference that something more than a reasonable doubt is necessary for an acquittal." The defendant further asserts that the instruction fails to define the technical legal meaning of "reasonable doubt". The portion of the instruction complained of is identical with that given and approved in State v. Turner, Mo., 320 S.W.2d 579, 584 [10]. We have again considered the instruction in view of the criticism here made and find that it is not erroneous. State v. Velanti, Mo., 331 S.W.2d 542, 545 [4]; State v. Berry, 361 Mo. 904, 237 S.W.2d 91, 93 [7]; State v. Graves, 352 Mo. 1102, 182 S.W.2d 46, 54 [14].

■■ The third and fourth assignments of error (which relate to the same subject and will be treated together) are that the trial court erred in admitting evidence of prior convictions and prison records of one John Williams and in finding that the defendant was guilty of two prior convictions because there was no proof that the defendant was the same John Williams named in the records. Evidence was heard and the finding was made in accordance with § 556.280, RSMo 1959, V.A.M.S., as amended Laws 1959, S.B. No. 117, § 1. Identity of names is prima facie sufficient to establish a defendant's identity for the purpose of showing a prior conviction within the Habitual Criminal Act. State v. Romprey, Mo., 339 S.W.2d 746, 753 [13]; State v. Reed, Mo., 298 S.W.2d 426, 428 [6]; State v. Hands, Mo., 260 S.W.2d 14, 18 [3]. The specification of error is denied.

The next ground of error alleged is that the court committed prejudicial error in not permitting defendant's counsel to argue to the jury that the state had not produced all the evidence in view of the fact that police officers had testified that the defendant had made a statement to them. This information was elicited by the defendant during the cross-examination of two of the state's witnesses. When the first police officer was asked by defendant's counsel if the defendant made a statement to him,

the state objected on the ground that the statement would be self-serving. The court overruled the objection and told counsel at the bench without the hearing of the jury: "He didn't ask what the statement was; I won't let that in." The officer then answered the question in the affirmative and the witness was not interrogated further about the statement. A second officer also testified that the defendant made a statement and the officer was not questioned further in that regard. During his oral argument defendant's counsel called attention to the fact that the police officers in response to his questions had affirmed the fact that the defendant had made a statement and then asked of the jury the rhetorical question, "Now, where is that statement?" The state objected and the court stated he had "sustained the objection to it yesterday", and that "it is not here because I ruled it out yesterday." Continuing his argument, defendant's counsel stated, "Well, anyway, it is in the evidence that a statement was made."

■ It is improper for counsel in oral argument to comment on or refer to evidence which the court has ruled not to be admissible in evidence. Rizzo v. United States, 8 Cir., 304 F.2d 810, 829 [22]; 23A C.J.S. Criminal Law § 1093 b, p. 144, and § 1094, p. 155, n. 48; State v. Powell, Mo., 357 S.W.2d 914, 918 [6]. In fact it is improper to refer to such evidence even though the court erroneously excluded it. Bolin v. Commonwealth, 206 Ky. 608, 268 S.W. 306, 310 [9]. The court has a wide discretion in keeping oral argument within proper bounds. The court did not err in sustaining the state's objection to the defendant's argument.

The two remaining assignments of error are that the verdict was against the substantial evidence and against the weight of the evidence, because the state had only one eyewitness to the robbery and the defendant offered two witnesses to testify that the defendant was at home the entire day. The defendant did not testify. The defendant's two witnesses were his landlord and the landlord's wife. Their testimony tended to prove an alibi for both the defendant and his automobile. The landlord, his wife, and their children occupied the first floor of a residence building, and the defendant rented from them an apartment on the second floor. The landlord testified that on July 12, 1962, he borrowed the defendant's automobile at about 9 a. m. and took it to a garage where he worked on it until about noontime; then he went shopping for food and did not return home until about 2 p. m. He remembered the date because the next day was Friday the thirteenth. The landlord's wife testified that the defendant was with her and her children in front of their home from about 8:30 in the morning until after 12 noon.

■ We have already ruled that the evidence favorable to the state was substantial and sufficient to make a case for the jury's determination. The testimony of a single witness, if believed by the jury beyond a reasonable doubt, is sufficient to establish the identity of the defendant in a criminal prosecution since the credibility of the witness and the weight of the evidence is for the jury. State v. Andrews, Mo., 309 S.W.2d 626, 628 [4]; State v. Pease, Mo., 133 S.W.2d 409, 413 [2]. On appeal this court does not undertake to determine the credibility of witnesses or to weigh the evidence in a criminal case. State v. Hampton, Mo., 275 S.W.2d 356, 359 [4]; State v. Howe, Mo., 343 S.W.2d 73, 74 [2]. The specifications are insufficient to afford any relief to the defendant on appeal.

We have considered all of the specifications of error preserved in the defendant's motion for new trial and find them to be without merit. The defendant was present and represented by counsel throughout the trial including his allocution and sentencing. The trial court appointed a public defender who ably and effectively represented the defendant. In fact the case was well and fairly tried on both sides.

We have examined the parts of the record and entries designated in St.Ct. Rules 28.02 and 28.08 and find them to be proper in form and free from error. Accordingly the judgment is affirmed.

All of the Judges concur.